**COMMONWEALTH of Pennsylvania**

v.

**Ramon Luis GONZALEZ–DEJUSUS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 21, 2009.

Filed April 20, 2010.

Ronald H. Elgart, Fairless Hills, for appellant.

David W. Heckler, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J., PANELLA and DONOHUE, JJ.

OPINION BY FORD ELLIOTT, P.J.:

¶ 1 This is an appeal *nunc pro tunc* from a judgment of sentence imposed upon appellant after he pled guilty to a variety of charges including kidnapping, conspiracy, robbery, and burglary.[1] We dismiss the appeal.

¶ 2 On May 8, 2006, at or about 4:00 p.m., appellant and another man, Victor Detres, ("Detres") committed a gunpoint robbery at the Game Stop store located on Bethlehem Pike, Montgomeryville, Pennsylvania. In the process of the robbery, Detres pointed a revolver at the assistant manager and threatened his life in order to gain access to the cash register. Having removed the cash held in the register, the two men then demanded that the assistant manager and the lone customer in the store, Sierra Lawrence, give them their personal funds. After the two victims complied, the two men fled the store.

¶ 3 At approximately 4:10 p.m., the Hatfield Township Police Department received a report of a car being driven in a reckless manner northbound on State Route 309. An officer responded and a car chase ensued. However, the officer lost the suspect vehicle. At approximately 4:27 p.m., officers from Hilltown Township Police Department received a report that two Hispanic males had abandoned a red Monte Carlo vehicle on Hilltown Pike and were running from the vehicle through a field toward Township Line Road.

¶ 4 A short time later, Michael Danner, via the reflection on his TV set, saw a man running through his backyard toward the Danner residence. Mr. Danner moved to the kitchen to investigate and promptly observed two men enter his kitchen. Appellant was first into the residence, followed by Detres, who had his hand under his shirt as if he was holding a handgun. Detres then ordered Mr. Danner to retrieve his car keys. Mr. Danner, with both men shadowing him, then proceeded to look for and find his car keys, an event which took several stressful minutes. Upon finding the car keys, Detres told Mr. Danner that he and his 5½ month-old daughter would have to accompany the two men in the vehicle. Mr. Danner attempted to take the infant car seat with him but was told by Detres to leave it behind.

¶ 5 As the three men and child approached the car, Mr. Danner was ordered by Detres to give the child to appellant, who was situating himself in the rear seat of the car. Mr. Danner refused, prompting Detres to order him into the front passenger seat with his daughter. Mr. Danner was forced to hold his daughter in his arms without any restraint for the child. Detres then sought directions from Mr. Danner to either Allentown or Quakertown and Mr. Danner was told that, if he did as directed, he and his child would be left unharmed. During the drive to Allentown, Detres drove the vehicle in excess of 100 miles-per-hour, proceeded through red lights and further ignored Mr. Danner's pleas that the two men release his daughter and himself. Before arriving in Allentown, Detres ordered Mr. Danner to surrender his driver's license to him and further took $50 in currency.

¶ 6 Upon arriving in Allentown, the two men exited Mr. Danner's vehicle, allowing Mr. Danner to leave with his daughter; however, not before taking polo shirts

---

1. Appellant terms his appeal as from the order of the PCRA court. However, that order granted appellant relief in the form of reinstating his direct appeal rights. As such, appellant was not "aggrieved" by that order. Appellant's appeal is technically from the original judgment of sentence imposed on January 24, 2007. We have corrected the caption accordingly.

from the back of the car and wiping down the interior of the vehicle. The two men were subsequently arrested and charged with numerous offenses related to the day's events.

¶ 7 On January 22, 2007, appellant entered a plea of guilty to two counts of kidnapping to facilitate a felony, two counts of robbery-threatening serious bodily injury, one count of robbery of a motor vehicle, one count of burglary, two counts of recklessly endangering another person, and two counts of criminal conspiracy. On January 24, 2007, appellant was sentenced to an aggregate term of 20 to 40 years' imprisonment.[2] The aggregate sentence was arrived at by the ordering of certain of the sentences to be served consecutively to others imposed. All sentences were within the standard range of the sentencing guidelines.

¶ 8 On February 2, 2007, appellant filed a combined motion to withdraw guilty plea and to reconsider sentence, which was heard on March 21, 2007. At that time, appellant abandoned the motion to withdraw guilty plea, but pursued the motion to reconsider sentence. The motion was denied the same day. On April 20, 2007, appellant filed a notice of appeal to this court wherein he argued that his sentence was excessive. However, appellant's judgment of sentence was summarily affirmed on October 24, 2007, when a panel of this court found that appellant had not included a Pa.R.A.P. 2119(f) statement of reasons relied upon for allowance of appeal from the discretionary aspects of sentencing while the Commonwealth had objected to the omission. *Commonwealth v. Gonzalez–Dejusus,* 943 A.2d 313 (Pa.Super.2007) (unpublished Judgment Order).

¶ 9 On April 24, 2008, appellant filed a *pro se* petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546, in which he sought reinstatement of his appellate rights.[3] On April 1, 2009, an order was entered reinstating appellant's direct appeal rights. On April 23, 2009, appellant filed a notice of appeal to this court. Appellant was subsequently ordered to file a statement of errors complained of on appeal and timely complied.

¶ 10 Appellant raises a single issue in the instant appeal:

Whether the sentence of not less than 20 nor more than 40 years was unreasonable and excessive?

Appellant's brief at 1.

■■ ¶ 11 Appellant's appeal calls upon us to review a discretionary aspect of sentencing. Such appeals, of course, are not as of right but, rather, are granted by this court upon the successful showing that there exists a substantial question that the sentence imposed was inappropriate and contrary to fundamental norms underlying the sentencing code. *Commonwealth v. Fremd,* 860 A.2d 515, 524 (Pa.Super.2004). To invoke the granting of allowance of appeal, an appellant is obligated by Pa. R.A.P. 2119(f) to set forth a concise statement of reasons relied upon for allowance of appeal from the discretionary aspects of sentencing. Thus, we turn first to a review of appellant's Pa.R.A.P. 2119(f) statement.[4]

---

**2.** Appellant contends that his co-defendant, Victor Detres, received the same sentence, plus an additional five year sentence for another robbery. (Appellant's brief at 3.)

**3.** As appellant's only issue in his direct appeal was as to the discretionary aspects of sentence and found waived, he essentially experienced an effective denial of appellate review.

**4.** For the edification of defense counsel, we note that appellant's Rule 2119(f) statement is misplaced within his brief. The express language of the rule requires that the statement "immediately precede the argument on the

¶ 12 Although attacking the aggregate sentence, appellant's argument really can be reduced to a complaint that he was given consecutive sentences as opposed to concurrent sentences. This point is discernible from appellant's admission that all of the sentences imposed were within the standard range.[5] (Appellant's brief at 5.)

¶ 13 Generally speaking, the court's exercise of discretion in imposing consecutive as opposed to concurrent sentences is not viewed as raising a substantial question that would allow the granting of allowance of appeal. *Commonwealth v. Marts,* 889 A.2d 608 (Pa.Super.2005). However, the case of *Commonwealth v. Dodge* (*"Dodge I "*), 859 A.2d 771 (Pa.Super.2004), *vacated and remanded on other grounds,* 594 Pa. 345, 935 A.2d 1290 (2007), finds an aggregate sentence manifestly excessive and that a substantial question was presented where there were numerous standard range sentences ordered to be served consecutively. *Dodge I* offered this holding despite the existence of prior cases finding that an assertion of error grounded upon the imposition of consecutive versus concurrent sentences did not raise a substantial question. Discussing the matter, *Marts* indicates:

> To the extent that he complains that his sentence on two of the four robberies were imposed consecutively rather than concurrently, Appellant fails to raise a substantial question. Long standing precedent of this Court recognizes that 42 Pa.C.S.A. section 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. *Commonwealth v. Graham,* 541 Pa. 173, 184, 661 A.2d 1367, 1373 (1995). . . . . Any challenge to the exercise of this discretion ordinarily does not raise a substantial question. *Commonwealth v. Johnson,* 873 A.2d 704, 709 n. 2 (Pa.Super.2005); *see also Commonwealth v. Hoag,* 445 Pa.Super. 455, 665 A.2d 1212, 1214 (Pa.Super.1995) (explaining that a defendant is not entitled to a 'volume discount' for his or her crimes).
>
> The recent decision of a panel of this Court in *Commonwealth v. Dodge,* 859 A.2d 771 (Pa.Super.2004), does not alter our conclusion. In fact, the panel in *Dodge* noted the limitations of its holding. *See id.* at 782 n. 13 (explaining that its decision 'is not to be read a [sic] rule that a challenge to the consecutive nature of a standard range sentence always raises a substantial question or constitutes an abuse of discretion. We all are cognizant that sentencing can encompass a wide variation of factual scenarios. Thus, we make clear again that these issues must be examined and determined on a case-by-case basis.') In *Dodge,* the court imposed consecutive, standard range sentences on all thirty-seven counts of theft-related offenses for an aggregate sentence of 58 1/2 to 124 years of imprisonment.

*Marts,* 889 A.2d at 612–613. Thus, in our view, the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in

---

merits with respect to the discretionary aspects of sentence." Pa.R.A.P. 2119(f). Appellant placed his Rule 2119(f) statement immediately after the statement of the questions involved and preceding the statement of the case and summary of the argument.

5. As set forth on page three of appellant's brief, the aggregate sentence was arrived at by ordering that seven of the ten sentences imposed be served consecutive to one another and three to run concurrently.

light of the criminal conduct at issue in the case.[6]

¶ 14 While in extreme cases, such as those found in *Dodge* (where the appellant received a sentence of 58 1/2 to 124 years' imprisonment after he was convicted of numerous, largely property offenses, *i.e.,* 37 counts of receiving stolen property, two counts of burglary, criminal trespass, etc.), this exercise of discretion can be viewed as raising a substantial question; here the facts simply do not inure to such a finding. Appellant took part in what could be described as a "crime spree." It involved first an armed robbery of two individuals at a retail store, and then a kidnapping of a father and infant daughter as well as a car theft. Compounding the prior crimes, appellant's co-conspirator drove in a manner threatening the lives of the kidnap victims. In all, numerous individuals were terrorized during this spree and numerous lives endangered.

¶ 15 Had appellant been involved, on separate days, in a robbery of two individuals, and then a kidnapping of two individuals, and had been sentenced in separate proceedings, the combined sentence of 20 to 40 years' imprisonment for the two criminal episodes would not strike most as a sentence grossly disparate to the appellant's conduct. Nor would it viscerally appear as patently "unreasonable." Thus, in seeking a reduction of his sentence, appellant appears to seek a "volume discount" because the various crimes occurred in one continuous spree. This is simply not a challenge which has the ring of raising a substantial question. *See Commonwealth v. Jones,* 942 A.2d 903 (Pa.Super.2008) (affirming a sentence of 80 to 160 years' imprisonment where the appellant was found guilty of three counts of burglary, two counts of rape, two counts of aggravated indecent assault, two counts of robbery, and one count of simple assault which resulted from three separate home invasions where, in each instance, an elderly woman was robbed and sexually assaulted).

¶ 16 Given the above, we conclude that appellant has not raised a substantial question that the sentence imposed was inappropriate or contrary to a fundamental norm underlying the sentencing code. We are thus compelled to deny allowance of appeal as to the discretionary aspects of sentencing.

¶ 17 Appeal dismissed.

**6.** Appellant contends that the mere fact that judges are imbued with discretion in ordering sentences to be served consecutively or concurrently does not render such decisions unreviewable. (Appellant's brief at 5–6.) We note that *Dodge I* was decided prior to the supreme court's decision in *Commonwealth v. Walls,* 592 Pa. 557, 926 A.2d 957 (2007). Of course, in *Walls,* our supreme court reiterated that the ability of this court to vacate a sentence is predicated upon a sentence being outside of the guidelines. Given *Walls,* it would appear reasonable to consider whether the *Dodge* approach to reviewing and vacating aggregate sentences that may have been viewed as manifestly excessive, although comprised of standard range sentences, had continuing viability. However, *Dodge* was remanded back to this court for reconsideration in light of *Walls.* Upon reconsideration, the original panel still found the sentence unreasonable and vacated the sentence previously imposed. *Commonwealth v. Dodge ("Dodge II"),* 957 A.2d 1198 (Pa.Super.2008). Thus, as of this date, we view the "excessive aggregate sentence" argument as cognizable upon appellate review.