J-S03044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEHOVAH MALDONADO | |
| Appellant | No. 2187 EDA 2014 |

Appeal from the Judgment of Sentence June 17, 2014
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002541-2013

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 10, 2015**

Jehovah Maldonado appeals from the judgment of sentence imposed on June 17, 2014, in the Court of Common Pleas of Monroe County. A jury found Maldonado guilty of burglary, conspiracy to commit robbery, criminal trespass, and recklessly endangering another person.[1] The charges arose as a result of Maldonado's participation with others in an armed home invasion where shots were fired.[2] The trial court sentenced Maldonado to an aggregate term of four to ten years' imprisonment.[3] In this timely appeal,

---

[1] 18 Pa.C.S. §§ 3502(a)(1), 3701(a)(1)(ii), 3503(a)(1)(ii), and 2705, respectively.

[2] Maldonado and another individual were hit by the shots.

[3] The trial court sentenced Maldonado to a term of 24 to 60 months imprisonment for the charge of burglary, a felony of the first degree; a consecutive period of 24-60 months' imprisonment for the charge of criminal

*(Footnote Continued Next Page)*

Maldonado claims the trial court erred and abused its discretion in (1) "sentencing [Maldonado] who has a prior record score of zero at the top of the standard range for each count,"[4] and (2) "sentencing [Maldonado] to consecutive sentences which aggregately total a sentence greater than even the aggravated range for each count." Maldonado's Brief at 6. For the following reasons, we affirm.

The principles that guide our review are as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*(Footnote Continued)* —————————————

conspiracy to commit robbery, a felony of the first degree; and a concurrent term of one to 12 months' imprisonment for the charge of recklessly endangering another person, a misdemeanor of the second degree. The criminal trespass charge, a felony of the second degree, merged for sentencing purposes.

[4] Based on Maldonado's prior record score of zero, for the burglary charge (offense gravity score of 9), the standard range was 12 to 24 months, with an aggravated range of 36 months; for the conspiracy to commit robbery charge (offense gravity score of 9), the standard range was 12 to 24 months, with an aggravated range of 36 months; and for the charge of recklessly endangering another person (offense gravity score of three), the standard range was restorative sanctions to one months, with an aggravated range of four months. *See* Maldonado's Brief at 10.

The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence.

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

****

A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

*Commonwealth v. Zirkle*, ___ A.3d ___, ___ [2014 Pa. Super. LEXIS 4563] (Pa. Super. 2014) (citations omitted).

Here, Maldonado preserved his discretionary aspects of sentencing challenge by filing a motion to modify sentence within 10 days of sentencing, and a timely appeal.[5]  *See* Pa.R.Crim.P. 720(A).  Maldonado has also

_____

[5] Maldonado also complied with the court's order to file a Pa.R.A.P. 1925(b) statement.

- 3 -

included in his brief a concise statement pursuant to Pa.R.A.P. 2119(f).  **See**

Maldonado's Brief at 9–11.  The only remaining question is whether

Maldonado has raised a substantial question.

First, Maldonado argues his sentence is manifestly excessive due to

the sentences for the burglary and conspiracy charges being ordered to run

consecutively.  With regard to such a claim, this Court has stated:

> A challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence. **Lloyd**, 878 A.2d at 873. "We see no reason why [a defendant] should be afforded a volume discount' for his crimes by having all sentences run concurrently." **Hoag**, 665 A.2d at 1214.

**Zirkle, supra** at ____ (citation omitted).  Nevertheless,

> we have recognized that a sentence can be so  manifestly excessive in extreme circumstances that it may create a substantial question. **Commonwealth v. Moury**, 2010 PA Super 46, 992 A.2d 162, 171-72 (Pa. Super. 2010). When determining whether a substantial question has been raised, we have focused upon "whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct in this case." **[Commonwealth v.] Mastromarino**, 2 A.3d at 588 (quoting **Commonwealth v. Gonzalez-Dejusus**, 2010 PA Super 62, 994 A.2d 595, 599 (Pa. Super. 2010)).

**Id.** at ____ (footnote omitted).  Finally,

> where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

**Moury, supra**, at 171 (citation omitted).

Here, all of Maldonado's sentences were at the high end of the

standard range.  Given that Maldonado faced a possible maximum sentence

of 20 to 40 years' incarceration on the burglary and conspiracy charges, the aggregate sentence of four to ten years' imprisonment is not unduly harsh and does not represent an extreme circumstance. Accordingly, this issue does not raise a substantial question.

Next, Maldonado claims his aggregate sentence is manifestly excessive because the trial court failed to consider mitigating circumstances, i.e., his age (19 years old), his lack of a prior record score, the fact he had never been incarcerated prior to this incident, and the extreme inconsistencies in the sentences of his co-defendants. This claim also fails to raise a substantial question. *See Moury*, 992 A.2d at 171 ("An allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question.").[6]

However, Maldonado's claim that the court improperly focused only on the nature of the crime does raise a substantial question. *See Commonwealth v. Clarke*, 70 A.3d 1281, 1287 (Pa. Super. 2013) ("[A] claim the trial court focused solely on the nature of the offense, without considering the protection of the public or the rehabilitative needs of the

---

[6] *Moury,* citing *Commonwealth v. Felmlee*, 828 A.2d 1105 (Pa. Super. 2003) *(en banc)*, does note that a substantial question is raised when the sentencing court imposes an aggravated range sentence without adequately considering mitigating factors. Here, there is no aggravated range sentence at issue.

appellant, as is required by 42 Pa.C.S.A. § 9721(b), presents a substantial question."), *appeal denied*, 85 A.3d 481 (Pa. 2014).

At sentencing, Maldonado's counsel requested that the court impose concurrent, standard range sentences, resulting in a two to four year sentence. *See* N.T., 6/17/2014, at 8–9. Maldonado addressed the court and stated that he took responsibility for his actions. He also told the court that while he was in juvenile placement he had "accomplished a lot" in obtaining a GED, various certifications, and "vo-tech things," and while in jail he had completed a class in life applications, and was about to start a class in anger management. *Id.* at 9–10. The court noted:

> [Y]ou just got off of supervision when you did this, and I'm looking and you were at PA Childcare, Vision Quest, violated, Glen Mills, remanded, remanded, remanded, you were released, then you were violated, you were placed at Abraxis, returned to Abraxis after review.

*Id.* at 10.

The court noted that in this case "people got shot, including [Maldonado], people could have died." N.T., 6/17/2014, at 14. The court questioned, "[H]ow do you think you would feel if [these crimes] happened to you[.]" *Id.* Maldonado responded that he didn't possess a firearm and requested a two-to-four years term of incarceration. *Id.* at 15. Maldonado told the court:

> I just think that, I just want to go out there, and this is an opportunity for me to think, and I've thought a lot and I've been through a lot of classes, and I've heard other people's experiences, because there's people in [jail] that's got similar

- 6 -

charges and stuff like that, and I'm attending these classes and I'm learning from older people, you know, who are well, have way more wisdom than me, that are teaching me things I need to learn, you know, and I'm ready to go out there in society, within the next year, that's when I get two to four or two to five, so I can go back to going to college. I'm not going [to] surround myself with wrong people, I just put myself in a position where I surround myself around negativity and I'm a positive person, I just get myself in the wrong, I get myself in the wrong situations, and my job and my goal is to not do that, my aspiration in life is just to be better.

Id. at 16–17.

Later, in listening to counsel's arguments, the court stated:

Here's my concern, I still am concerned that it's talk and that if he's pushed into a corner, into a disagreement, the other side comes out, the side that failed at juvenile placement, who got off supervision and then does this.

*Id.* at 19–20.

The court, at the conclusion of the hearing, placed the following

comments on the record:

The one thing, and this is what I go back to and I think I've said it before, in his statement [Maldonado] in the PSI [Presentence Investigation Report] said I'm ready to prove to everybody that if given the opportunity I can be a better person and move on from this. My concern is he's already been given so many opportunities and yet I stand here with a 19 year old person before me[.] … [Y]ou have been given so many chances to make something out of yourself and to learn to make good decisions for yourself, and it seems like your history is replete with blowing those opportunities, and that's where I struggle because that's really what I have to judge you by. … I find you very charismatic, charming, a good salesman for yourself, but I'm not sure that I believe that if you were pushed into a corner, confronted, challenged in a way that you found disagreeable, that you wouldn't revert to the old behaviors, that you wouldn't fail to play by the rules, because that's what your history shows you've done in the past, and as I've said, you were just off

supervision. I know that you did a lot of things and you received the OSHA certification, the CPR, the first aid, the automotive repair, but those were all done while you were in placement, if I remember correctly.[7]

****

So as I said, I'm troubled by your history and that you were recently discharged from supervision and here we go again. I note that there are no aggravating or mitigating circumstances in the PSI, …. The question then becomes where in the standard range does he belong. I just go back to the fact that his history is replete, and maybe some of it's not by his own fault, maybe some of it is the upbringing that he, I don't think that it was easiest or the best by any stretch of the imagination and that really isn't a choice that you got to make, but then you were put in placement and you were given opportunities away from those settings you continued to violate[], you continued to have problems, you continued to have an inability to follow the rules, and that is really what concerns me, and so if I judge you by character and prior conduct, I think it puts you at the higher end of the standard range. … So for the reasons stated on the record as well as those in the PSI, which I will adopt in its entirety, we'll issue the following order[.]

N.T., 6/17/2014, at 24–28.

"Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988). Furthermore, the court's on-the-record rationale for its sentence demonstrates that the trial court did not focus solely on the nature of the

---

[7] Maldonado explained to the trial court that "The automotive thing, I was working, I worked." N.T., 6/17/2014, at 26.

crime and the impact on the victims, but rather considered, as well, the protection of the public or the rehabilitative needs of Maldonado, and therefore considered all relevant Section 9721(b) factors. Accordingly, we reject Maldonado's claim the trial court abused its discretion in imposing the four-to-ten year sentence of incarceration.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/10/2015