J-S40023-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| COREY M. DURRETT KING, | : | |
| | : | |
| Appellant | : | No. 1909 WDA 2014 |

Appeal from the Judgment of Sentence October 17, 2014,
Court of Common Pleas, Allegheny County,
Criminal Division at No. CP-02-CR-0010053-2013

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED JULY 8, 2015**

Corey M. Durrett King ("King") appeals from the October 17, 2014 judgment of sentence entered by the Allegheny County Court of Common Pleas following his convictions of accidents involving death or personal injury, accidents involving serious bodily injury while not properly licensed, accidents involving damage to attended vehicle or property, fleeing or attempting to elude police, driving an unregistered vehicle, driving while operating privileges are suspended or revoked, turning without required signal, reckless driving, and operating a vehicle without required financial responsibility.[1]  Upon review, we affirm.

The trial court summarized the relevant facts of the case as follows:

---

[1]  75 Pa.C.S.A. §§ 3742(a), 3742.1(a), (b)(2), 3743(a), 3733(a), 1301(a), 1543(a), 3334(a), 3736(a), 1786(f).

*Retired Senior Judge assigned to the Superior Court.

[O]n June 21, 2013, officers from the City of Pittsburgh, Bureau of Police were on routine patrol in the South Side section of the City of Pittsburgh. The officers observed a maroon Lincoln Town Car operated by [King] travelling on South 18th Street. The officers observed the vehicle turn into a motorcycle causing a collision with the motorcycle. The officers activated lights and sirens. [King] attempted to flee the scene in his vehicle. Without signaling, [King] turned into and sped through the parking lot of a convenience store. He continued to operate his vehicle at a high rate of speed through residential streets. During the police chase, [King] failed to negotiate a turn in the road and his vehicle came to a rest in a yard. [King] refused to comply with police commands to exit his vehicle. As a result, [King] was forcibly removed from the vehicle and taken into custody.

The driver of the motorcycle was seriously injured at the scene. He was transported by medics to the hospital in serious, but stable, condition. As a result of the accident, the victim suffered three fractured ribs, a concussion, a punctured lung and a back injury. He lost substantial time from work.

Trial Court Opinion, 3/9/15, at 2.

A jury convicted King of the aforementioned crimes. On October 17, 2014, the trial court sentenced King, in relevant part, to eighteen to thirty-six months of incarceration for fleeing and eluding; six to twelve months of incarceration for accidents involving serious personal injury while not properly licensed; and six to twelve months of incarceration for accidents involving death or personal injury. It imposed no further sentence on the remaining convictions. The trial court ordered the sentences to run

consecutively for an aggregate sentence of two and a half to five years of imprisonment.

On October 27, 2014, King filed a timely post-sentence motion seeking reconsideration of his sentence. The trial court denied the motion on October 28, 2014. Thereafter, King filed a timely notice of appeal and complied with the trial court's order for the filing of a concise statement of errors complained of on appeal. The trial court issued a responsive opinion on March 9, 2015.

On appeal, King raises one issue for our review:

> Did the trial court err in denying [King]'s motion to modify sentence since [King]'s aggregate sentence was manifestly excessive since the three counts could have been run concurrently with each other, rather than consecutively, especially since [King] had little prior criminal history and had shown exemplary behavior while awaiting trial, and the trial court failed to consider all of the factors contained at 42 Pa.C.S. §§ 9721(b) & 9781(d)?

King's Brief at 3.

This issue challenges the discretionary aspects of King's sentence, which, as King recognizes, is not subject to our review as a matter of right. Rather, "[a]n appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." **Commonwealth v. Tejada**, 107 A.3d 788, 797 (Pa. Super. 2015) (citation omitted). This requires the appellant to satisfy all of the following:

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Id.* (citation omitted).

Our review of the record reveals that King adequately preserved the issues he now seeks to raise on appeal in his post-sentence motion,[2] timely filed his notice of appeal, and included a statement pursuant to Pa.R.A.P. 2119(f) in his brief on appeal, purporting to raise two substantial questions for our review. We review the claims seriatim.

First, King asserts that the trial court abused its discretion by running his sentences consecutively rather than concurrently, resulting in a manifestly excessive sentence. ***See*** King's Brief at 10-11. Recently, in ***Commonwealth v. Caldwell***, __ A.3d __, 2015 WL 3444594 (Pa. Super. May 29, 2015), an en banc panel of this Court addressed whether this raises a substantial question:

---

[2] The Commonwealth contends that King failed to preserve his claim that the trial court did not consider the factors of section 9721(b) in his post-sentence motion. Commonwealth's Brief at 13-14. Although the Commonwealth is correct that King did not cite to section 9721(b) in his post-sentence motion, our review of the motion reveals that he sufficiently raised a claim that the trial court did not consider the factors required by that section in fashioning his sentence. ***See*** Motion to Reconsider Sentence, 10/27/14, ¶¶ 5-9.

> A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment."
>
> To make it clear, a defendant **may** raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

*Id.* at *3 (internal citations omitted, emphasis in the original).

In his Rule 2119(f) statement, King claims error in the trial court's imposition of consecutive sentences because King "had little prior criminal history and had shown exemplary behavior while awaiting trial[,] … admitted responsibility for his crimes and expressed remorse at the injuries to the victim, … and [] was working two jobs to support his son." King's Brief at 12. As King couches his claim of an excessive sentence in terms of the trial court's failure to consider mitigating factors, he raises a substantial question. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014), *appeal denied,* 105 A.3d 736 (Pa. 2014). We therefore proceed to review this issue on the merits.

Initially, we observe that contrary to King's representations, the trial court found that King's prior criminal history was not "little" and that King did not accept responsibility for his actions, and instead attempted to "minimiz[e] [his] conduct[.]" N.T., 10/17/14, at 39-42. These findings have ample support in the record. *See id.* at 6 (Commonwealth indicating that King has a prior record score of five "because it stops at five, it doesn't go higher than that on the guidelines"), 36 (King stating that he and the victim were "both at fault"). Furthermore, prior to announcing the sentence, the trial court provided the following explanation for imposing consecutive, rather than concurrent, sentences for the three convictions:

> This case is a state sentence all the way. You had so many prior chances to conform your conduct to armaments of the law that I cannot issue a county sentence in this case, and I'm not. But I'm also not going to issue the fairly harsh sentence, I should say, that [the Commonwealth] asks for, fairly harsh in relation to all the factors of this case, including [the victim]'s point of view.
>
> Many of these cases, Mr. King, have charges that run together. And you've had prior cases where charges run together. Possession with intent to deliver, deliver, possession as a misdemeanor, all those charges run together. They're all basically the same act.
>
> But in this case, the charges don't really run together that way. Fleeing and eluding is after the fact of crashing head-on into a guy on a motorcycle. That's a separate decision you had to make; as you said, a poor decision. Being involved in the accident and not stopping to render aid is a separate act from

driving while you had no license to do so and being involved.

So you're driving with no license. You're in an accident. Stop. No. Now you don't render aid. That's a second, separate event. Then you take off at a high speed. The police have to chase you. That's yet another separate event. They don't – while they're all connected, they are different decisions you made.

You continue to violate the law for your own personal interests, to the exclusion not only of the community in general, but of a member of the community specifically and in particular, [the victim], who's laying on the ground dying. And I'm not overstating the case. He'd be dead if it weren't for other people who showed up and took care of him. Accordingly, you have to answer for those separately.

N.T., 10/17/14, at 41-43.

We will not reverse a trial court's sentencing decision absent a manifest abuse of its discretion. **Raven**, 97 A.3d at 1253. This is more than a mere error in judgment. **Id.** "Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." **Id.**

The trial court provided a well-reasoned and sound explanation for imposing consecutive sentences in this case. King's good behavior while incarcerated leading up to sentencing does not translate into an abuse of discretion by the trial court. **See** King's Brief at 20. As has often been

repeated by this Court, King "is not entitled to a 'volume discount' because the various crimes occurred in one continuous spree." ***Commonwealth v. Zirkle***, 107 A.3d 127, 134 (Pa. Super. 2014) (quoting ***Commonwealth v. Gonzalez–Dejusus***, 994 A.2d 595, 599 (Pa. Super. 2010)). As such, he is due no relief on this claim.

King further asserts that the trial court failed to consider the factors contained in section 9721(b)[3] and King's nature and characteristics when fashioning his sentence. King's Brief at 12. This also raises a substantial question for our review. ***See Commonwealth v. Coulverson***, 34 A.3d 135, 143 (Pa. Super. 2011). It does not, however, entitle King to relief, as the record reflects that the trial court stated on the record at sentencing that it had reviewed the presentence investigation report prepared regarding King. N.T., 10/17/14, at 3. It is settled law that in such circumstances, we presume that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence. ***Commonwealth v. Fowler***, 893 A.2d 758, 767 (Pa. Super. 2006). King presents no argument to rebut this presumption. Therefore, his argument fails.

Judgment of sentence affirmed.

---

[3] "[T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2015