J-S56004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PETER STEVEN JONES, | |
| Appellant | No. 122 MDA 2015 |

Appeal from the Order Entered December 11, 2014
in the Court of Common Pleas of Lycoming County
Criminal Division at No.: CP-41-CR-0001539-2003
CP-41-CR-0001540-2003

BEFORE:  SHOGAN, J., JENKINS, J., and PLATT, J.[*]

DISSENTING MEMORANDUM BY PLATT, J.:          **FILED JANUARY 20, 2016**

I respectfully dissent.  Because I believe that both Appellant's March 20, 2008 Motion for Reconsideration of Sentence *Nunc Pro Tunc* and his November 24, 2014 Motion to Waive Bootcamp (sic) Ineligibility were properly treated as untimely post-sentence motions, I would affirm the decision of the trial court.

It is settled law that challenges to the discretionary aspects of sentence are not cognizable under the PCRA.  ***See Commonwealth v. Wrecks***, 934 A.2d 1287, 1289 (Pa. Super. 2007).  In ***Wrecks***, this Court held that a "Motion to Modify and Reduce Sentence" filed ten years after the

_____

[*] Retired Senior Judge assigned to the Superior Court.

judgment of sentence, which challenged the discretionary aspects of sentence, was properly treated by the trial court as an untimely post-sentence motion rather than a PCRA petition. *Id.* This decision is binding on this panel. *See Commonwealth v. Pepe*, 897 A.2d 463, 465 (Pa. Super. 2006), *appeal denied* 946 A.2d 686 (Pa. 2008) ("It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court, except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court.").

Here, in both his 2008 and 2014 motions, Appellant sought reconsideration of the consecutive sentence imposed by the trial court claiming that the court did not consider certain mitigating factors. (*See* Motion for Reconsideration of Sentence *Nunc Pro Tunc*, 3/20/08, at unnumbered page 4; Motion to Waive Bootcamp Ineligibility, 11/24/14, 1-3).

Claims that a trial court did not properly consider mitigating factors and wrongly imposed consecutive sentences implicate the discretionary aspects of sentence. *See Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595, 598 (Pa. Super. 2010) (explaining challenge to imposition of consecutive sentences implicates discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995), *appeal denied*, 676 A.2d 1195 (Pa. 1996) (explaining allegation court ignored mitigating factors challenges discretionary aspects of sentencing).

Thus, pursuant to these cases as well as **Wrecks**, the trial court was correct to treat both motions as untimely post-sentence motions.[1] **See Wrecks**, **supra** at 1289. Because I find no basis for the learned Majority's decision to treat either of these motions as PCRA petitions, I cannot join in the decision.

I would affirm the decision of the trial court.

Accordingly, I respectfully dissent.

_____

[1] Moreover, Appellant filed his motion for reconsideration of sentence *nunc pro tunc* on March 20, 2008. The trial court denied the motion on March 27, 2008. Appellant did not file an appeal. Thus, regardless of its merits, the decision on that motion is final and has become the law of the case. **See**, **e.g.**, **Commonwealth v. Robinson**, 837 A.2d 1157, 1162 (Pa. 2003) (concluding PCRA decision became final when trial court decided petition and Superior Court dismissed appeal). The learned Majority does not cite to any legal support for its decision to reopen the 2008 matter and I can find no authority to support such a proposition. Rather, I note that, in the past, our Supreme Court has frowned on attempts to link current untimely PCRAs with earlier petitions. **See Robinson**, **supra** at 1160-62 (rejecting theory that dismissal of first PCRA appeal without prejudice allows Court to treat second untimely PCRA petition as extension of first petition).