J-S41001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF | : | IN THE SUPERIOR COURT |
| PENNSYLVANIA | : | OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TREV BOWIES JACKSON, II | : | |
| | : | |
| Appellant | : | No. 597 MDA 2018 |

Appeal from the Judgment of Sentence April 25, 2017
in the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005766-2016,
CP-67-CR-0005767-2016

BEFORE:   LAZARUS, J., MURRAY, J. and STRASSBURGER, J.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.:

**FILED SEPTEMBER 04, 2019**

I join the Majority, except for its conclusion that Jackson is not entitled to relief on his discretionary aspects of sentencing claim because concurrent sentences would "provide a 'volume discount.'" Majority Memorandum, at 5. Instead, I conclude that Appellant has not raised a substantial question and offer the following analysis.

Relevant to this issue, Jackson was convicted of both assault of a law enforcement officer and attempted murder for shooting at a police officer three times.  He was sentenced to an aggregate term of 30 to 60 years of incarceration, which included consecutive sentences for his assault of a law enforcement officer and attempted murder convictions. On appeal, Jackson

_____

* Retired Senior Judge assigned to the Superior Court.

argues, *inter alia*, that the trial court abused its discretion in sentencing him to consecutive, rather than concurrent, sentences for those two crimes. Relying on ***Commonwealth v. Foust***, 180 A.3d 416 (Pa. Super. 2018),[1] the Majority concludes that this issue raises a substantial question, and that Jackson is not entitled to relief on this discretionary-aspects-of-sentencing claim because Jackson is not entitled to a "volume discount."

While this Court has utilized the "volume discount" language under circumstances similar to those presented here, I believe that such language should be more limited. The concept that a criminal defendant should not be entitled to a volume discount is better applied in circumstances where crimes are committed serially or over a period of years, months, or even days or hours. ***See***, ***e.g.***, ***Commonwealth v Mastromarino***, 2 A.3d 581 (Pa. Super. 2010) (referencing that Mastromarino is not entitled to a volume discount for his convictions for selling human body parts from 244 corpses); ***Commonwealth v. Prisk***, 13 A.3d 526 (Pa. Super. 2011) (holding Prisk was not entitled to a volume discount after being convicted of 314 offenses for sexually abusing his stepdaughter for six years).

---

[1] In that case, the trial court was tasked with re-sentencing Foust, who was 17 years old when he open fired on an automobile killing two individuals and was previously sentenced to life in prison without parole. The trial court re-sentenced Foust to two consecutive terms of 30 years to life in prison. On appeal, Foust argued this amounted to an unconstitutional *de facto* life sentence. This Court concluded that the trial court did not abuse its discretion because the sentence did not amount to a *de facto* life sentence. In doing so, this Court pointed out that "Pennsylvania has long disavowed the concept of volume discounts for committing multiple crimes." ***Foust***, 180 A.3d at 436.

Thus, instead of concluding that Appellant raised a substantial question, I would conclude that Appellant has not presented a substantial question because an aggregate sentence of 30 to 60 years of incarceration for attempted murder and assault of a law enforcement officer does not appear on "its face to be [] an excessive level in light of the criminal conduct at issue." ***Commonwealth v. Gonzalez-Dejusus***, 994 A.2d 595, 598-99 (Pa. Super. 2010) (holding consecutive sentences amounting to 20 to 40 years of incarceration for kidnapping, robbery, and conspiracy did not raise a substantial question). ***See also Commonwealth v. Dodge***, 77 A.3d 1263, 1271 (Pa. Super. 2013) (cautioning defendants that a substantial question will not be raised where "the facts of the case do not warrant the conclusion that there is a plausible argument that the sentence is *prima facie* excessive based on the criminal conduct involved").