J-A13023-23

2023 PA Super 187

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LUIS GABRIEL TORRES, JR. :
:
Appellant : No. 962 MDA 2022

Appeal from the Judgment of Sentence Entered April 18, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0005092-2018

BEFORE: BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

OPINION BY LAZARUS, J.: **FILED: SEPTEMBER 27, 2023**

Luis Gabriel Torres, Jr., appeals from the judgment of sentence, entered in the Court of Common Pleas of Lancaster County, following his convictions of one count each of rape of a child[1] and aggravated indecent assault of a child,[2] and three counts each of involuntary deviate sexual intercourse with a child (IDSI),[3] indecent assault of a person less than thirteen years of age,[4] and unlawful contact with a minor-sexual offenses.[5] Upon review, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3121(c).

[2] *Id.* at § 3125(b).

[3] *Id.* at § 3123(b).

[4] *Id.* at § 3126(a)(7).

[5] *Id.* at § 6318(a)(1).

Between June 2008 and March 2011, Torres, his mother, and four of his younger half-siblings were living with maternal grandmother in a residence located at 16 Parkside Avenue in Lancaster Township. Throughout this period, Torres sexually abused three of his younger half-siblings, his half-sister D.A.L.(f) and his half-brothers D.A.L.(m) and D.D.L. At the time of the offenses, all three children were between the ages of two-and-a-half and six years old, and Torres was between the ages of 13 to 15. Torres was often left in charge of his younger half-siblings because their mother was working sixteen hours a day to support their family.

D.A.L.(f) reported that she was approximately six years old when the abuse began. Torres would make D.A.L.(f) go to Torres' bedroom and touch her in places where she did not want to be touched. Torres would also digitally penetrate her vagina, force her to perform oral sex on him, force her to swallow his ejaculate, and force her to have sex with him. In May 2009, she attempted to disclose Torres' abuse by telling her mother, who called the police. Mother also confronted Torres, who claimed that his half-sister was lying. Ultimately, D.A.L.(f) was interviewed by Lancaster County Children's Alliance, but she declined to tell the interviewer about the abuse.[6] None of Torres' other siblings was interviewed at this time, and no charges were filed.

---

[6] Prior to the interview, mother had warned D.A.L.(f) that if she reported the accusations against Torres, Torres may kill himself.

Subsequently, in March 2018, D.A.L.(f) again told her parents that Torres had sexually abused her. Following this report, Torres' two younger half-brothers D.A.L.(m) and D.L.L. came forward and also disclosed sexual abuse by Torres. Both D.A.L.(m) and D.L.L. reported that Torres would individually bring each boy into Torres' room, where he would force them to perform oral sex on him and ejaculate in their mouths. Both D.A.L.(m) and D.L.L. also reported that Torres would show them pornography. D.A.L.(m) and D.L.L. were approximately 4 years old and 2½ years old, respectively, when the abuse began. All three half-siblings reported that Torres would threaten them afterwards that things would get worse if they told anyone.

On July 23, 2018, the Commonwealth charged Torres with, *inter alia*, the above-mentioned offenses. Torres was 23 years old when the Commonwealth filed charges. On August 7, 2020, Torres filed a motion to dismiss asserting, *inter alia*, that he could not be charged in criminal court with offenses that he had committed as a juvenile and that he should be prosecuted in Juvenile Court under the Juvenile Act.[7] In particular, Torres argued that the Commonwealth had acted in bad faith when it failed to investigate D.A.L.(f)'s report in 2009 by failing to also interview the other children. On November 16, 2020, the trial court denied Torres' motion.

On August 23, 2021, Torres proceeded to a three-day jury trial, after which he was convicted of the above-mentioned offenses. The trial court

_____

[7] 42 Pa.C.S.A. §§ 6301-6375.

postponed sentencing and ordered a pre-sentence investigation report (PSI). On April 18, 2022, the trial court conducted a sentencing hearing and sentenced Torres to 10 to 20 years' imprisonment for his conviction of rape of a child; 10 to 20 years' imprisonment for Torres' conviction at Count 2 - IDSI; 9 to 20 years' imprisonment for each of Torres's conviction at Counts 3 and 4 of IDSI; 10 to 20 years' imprisonment for one conviction of unlawful contact with a minor; and 9 to 20 years' imprisonment for each remaining conviction of unlawful contact with a minor. The trial court merged the remainder of the convictions for sentencing purposes. The trial court imposed Torres' sentences for rape of a child and Count 3 – IDSI consecutively. The remainder of Torres' sentences were imposed concurrently, resulting in an aggregate sentence of 19 to 40 years' imprisonment.

Torres filed a timely post-sentence motion challenging the discretionary aspects of his sentence and asserting that an "adult-based sentence" violated his constitutional rights where he committed the crimes as a juvenile. On June 3, 2022, the trial court denied Torres' post-sentence motion. Torres filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Torres now raises the following claims for our review:

1. Did the trial court err in denying the [m]otion to [d]ismiss because the late[ ]filing of the charges against [] Torres, nine years after they were first reported to the police, violated [] Torres' due process rights under the Pennsylvania and United States Constitutions, and [] Torres was prejudiced by the late[ ]filing of the charges against him because, *inter alia*, he lost the ability to have these charges resolved in the juvenile court?

2. Did the mandatory minimum sentence of ten years' incarceration for rape of a child and the aggregate, adult-based sentence of 19 to 40 years constitute cruel and unusual punishment, in violation of the Pennsylvania and United States Constitutions, where [] Torres was between 13 and 15 years old when the offenses were committed?

3. Was the imposition of consecutive sentences, for an aggregate sentence of 19 to 40 years['] incarceration, manifestly excessive, clearly unreasonable under the circumstances, and an abuse of the court's discretion?

Brief for Appellant, at 8-9.

In his first claim, Torres claims the trial court erred in denying his motion to dismiss based upon the Commonwealth's purported late[ ]filing of the instant offenses against him. *See* Brief for Appellant, at 25-34.

Torres' claim relies upon the contention that Torres should have received benefits of the Juvenile Act because he was a minor at the time the offenses were committed, despite the charges being filed when he was 23 years old. This claim has been foreclosed by our Supreme Court's recent decision in *Commonwealth v. Armolt*, 294 A.3d 364 (Pa. 2023).

In *Armolt*, our Supreme Court determined that the Juvenile Act "clearly and unambiguously refutes" the notion that an adult defendant should be tried in juvenile court. *See id.* at 372. The Court rejected the argument that the defendant, a 42-year-old male who committed offenses when he was a juvenile, should be tried in juvenile court where he alleged that the Commonwealth's bad faith in delaying the filing of charges caused him to lose the benefits of juvenile court. *See id.* Indeed, the Court, in rejecting the

"bad faith" argument, emphasized that Section 6302 of the Juvenile Act defines a "child" as an individual who is "under the age of 18 years" or "is under the age of 21 years who committed an act of delinquency before reaching the age of 18 years." 42 Pa.C.S.A. § 6302; *see also Armolt*, *supra*. Thus, the Supreme Court concluded that "the [Juvenile] Act plainly extends juvenile jurisdiction to offenders who committed an offense while under the age of eighteen **only if they are prosecuted before turning twenty-one**." *Id.* (emphasis added). We find *Armolt* to be directly on point and controlling.

Here, Torres was between the ages of 13 and 15 years old at the time the offenses occurred. However, Torres was not criminally charged until he turned 23 years old. *See* Trial Court Opinion, 7/28/22, at 1. Consequently, Torres was not entitled to be tried in Juvenile Court, and the trial court did err when it denied Torres's motion to dismiss. *See id.*; *Armolt*, *supra*. Accordingly, Torres is afforded no relief on this claim.

In his second claim, Torres raises two sub-issues, which we address together for ease of disposition. In his first sub-issue, Torres contends that the trial court's imposition of the mandatory minimum 10 years' imprisonment for his rape of a child conviction was unconstitutional. *See* Brief for Appellant, at 35-58. Torres argues that, because he was a minor at the time he committed the offenses, the Eighth Amendment to the United States Constitution and Article I, Section 13, of the Pennsylvania Constitution prohibit the application of a mandatory minimum sentence. *See id.* at 36-40. In his second sub-issue, Torres contends that his aggregate sentences of 19 to 40

years' incarceration constitute cruel and unusual punishment, in violation of the United States and Pennsylvania Constitutions, because he was a minor at the time of the offense. *Id.* at 35-58.

In support of both sub-issues, Torres cites to myriad other jurisdictions' case law, provides a robust history of various juvenile statutes in other states, and cites our Supreme Court's most recent decisions regarding juvenile life sentences. *Id.* (citing *Commonwealth v. Felder*, 269 A.3d 1232 (Pa. 2022)). Torres asks that this Court "declare that the Eighth Amendment to the United States Constitution and Article I Section 13 of the Constitution of the Commonwealth of Pennsylvania require a criminal court to consider the diminished culpability of youth when imposing a sentence where the defendant committed the crime as a child . . . [and] declare that the Eighth Amendment and Article 1, Section 13, forbid the application of mandatory minimum sentences to defendants who committed their crimes as children." *Id.* at 58.

The Eighth Amendment to the United States Constitution states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. Const. amend. VIII. The Eighth Amendment is unique in constitutional jurisprudence because it "must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 101 (1958) (plurality). "[T]he Eighth Amendment's protection against excessive or cruel and unusual punishment flows from the basic 'precept of justice that punishment for [a]

crime should be graduated and proportioned to [the] offense.'" ***Kennedy v. Lousiana***, 554 U.S. 407, 419 (2008) (quoting ***Weems v. United States***, 217 U.S. 349, 367 (1910)).

Additionally, "the guarantee against cruel punishment contained in the Pennsylvania Constitution, Article 1, Section 13, provides no broader protections against cruel and unusual punishment than those extended under the Eighth Amendment to the United States Constitution." ***Commonwealth v. Lankford***, 164 A.3d 1250, 1252 (Pa. Super. 2017) (citation omitted). The Eighth Amendment does not require strict proportionality between the crime committed and the sentence imposed; rather, it forbids only extreme sentences that are grossly disproportionate to the crime. ***See id.***

Here, Torres was convicted of rape of a child, and sentenced in accordance with the mandatory minimum pursuant to section 9718, which provides, in relevant part:

**Sentences for offenses against infant persons**

**(a) Mandatory sentence.--**

\*     \*     \*

(3) A person convicted of the following offenses shall be sentenced to a mandatory term of imprisonment as follows:

18 Pa.C.S.[A.] § 3121(c) and (d)--not less than ten years.

42 Pa.C.S.A. § 9718(a)(3).

Importantly, the mandatory minimum sentence under section 9718(a)(3) has already been upheld by our Supreme Court. ***See Commonwealth v. Resto***, 179 A.3d 18 (Pa. 2018).[8] Additionally, Torres' argument would essentially require us to invalidate all mandatory minimums for juvenile offenders. To do so would invalidate case law set forth by the Supreme Court of the United States, our Supreme Court of Pennsylvania, and other panels of this Court. We categorically lack the authority to overturn any of those decisions.

Moreover, nearly all of the law Torres cites applies to **life sentences** for juveniles tried as adults. ***See Miller v. Alabama***, 567 U.S. 460 (2012) (holding mandatory life sentences without parole for juvenile offenders violate the Eighth Amendment); ***Felder***, ***supra***. By contrast, as noted ***supra***, Torres is no longer a juvenile and Torres was sentenced to an aggregate 19 to 40 years in prison, **not** a life sentence. Therefore, none of those decisions is applicable to the instant case and we **decline** Torres' invitation to "forbid the application of mandatory minimum sentences to defendants who committed

---

[8] The plurality's OAJC in ***Resto***, although binding on the parties in that case, has limited precedential value because it did not command the majority of the justices participating in the case. ***See Commonwealth v. Brown***, 23 A.3d 544, 556 (Pa. Super. 2011) (citation omitted). However, where concurring opinions enumerate the portions of the plurality's opinion in which the author joins, those portions in agreement gain precedential value. ***See id.*** As the plurality's OAJC and the concurring opinions in ***Resto*** agree, section 9718(a)(3)'s ten-year mandatory minimum is not unconstitutional under ***Alleyne v. U.S.***, 570 U.S. 99 (2013). ***See Resto***, ***supra***. Consequently, ***Resto*** is binding here, where Torres was sentenced to the ten-year mandatory minimum under Section 9718(a)(3) for his conviction of rape of a child.

their crimes as children." *See* Brief for Appellant, at 58. Furthermore, Torres was not entitled to any special sentencing benefits under the Juvenile Act. *See Armolt*, *supra*. We conclude that there is no support in the law for Torres' claim, and, therefore, Torres' claim fails.[9]

In his third claim, Torres contends that his sentence to 19 to 40 years' incarceration is manifestly excessive, clearly unreasonable, and, in so sentencing him, the trial court ignored significant mitigation including Torres' age at the time of the offenses and the abuse Torres himself suffered as a child. *See* Brief for Appellant, 22-24. Torres' claim challenges the discretionary aspects of his sentence, from which there is no automatic right to appeal. *See Commonwealth v. Austin*, 66 A.3d 798, 807-08 (Pa. Super. 2013). Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a

---

[9] To the extent that Torres argues the trial court erred in failing to consider his age at the time of the offense, that argument is more appropriately framed as a challenge to the discretionary aspects of his sentence, as we discuss *infra*. *See Commonwealth v. Summers*, 245 A.3d 686, 692 (Pa. Super. 2021) (trial court's alleged failure to consider defendant's age at time of offense invokes discretionary aspects of sentencing).

substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Torres has filed a timely notice of appeal, post-sentence motion, and properly included a Rule 2119(f) statement in his brief. Moreover, Torres' claim raises a substantial question. *See Commonwealth v. Swope*, 117 A.3d 763, 770 (Pa. Super. 2015) (excessive sentence claim combined with claim that court failed to consider mitigating factors raises substantial question). Accordingly, we shall review the discretionary aspects of Torres' sentence.

We adhere to the following standard of review:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived as a manifestly unreasonable decision.

*Commonwealth v. Robinson*, 931 A.2d 15, 26 (Pa. Super. 2007) (citation omitted).

A sentencing judge has broad discretion in determining a reasonable penalty, and appellate courts afford the sentencing court great deference, as it is the sentencing court that is in the best position to "view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa.

2007) (citation omitted). When imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[A] court is required to consider the particular circumstances of the offense and the character of the defendant." **Commonwealth v. Griffin**, 804 A.2d 1, 10 (Pa. Super. 2002). In particular, the sentencing court should refer to the defendant's prior criminal record, his age, personal characteristics, and his potential for rehabilitation. **Id.**

Instantly, the trial court had the benefit of a PSI. N.T. Sentencing Hearing, 4/18/22, at 7, 19. "[W]here the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Ventura**, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citation omitted). Additionally, the trial court sentenced Torres in the standard range for each count, and the court imposed only two sentences consecutively. **See** Sentencing Order, 4/18/22, at 1-3; **see also Commonwealth v. Gonzalez-Dejusus**, 994 A.2d 595, 599 (Pa. Super. 2010) (this Court will not disturb consecutive sentences unless aggregate sentence is "grossly disparate" to defendant's conduct); **Commonwealth v. Radecki**, 180 A.3d 441, 470 (Pa. Super. 2018) (sentencing court afforded broad discretion to impose sentences concurrently or consecutively).

At the sentencing hearing, the trial court provided a robust history of Torres' life and upbringing including, but not limited to, the sexual, physical, and emotional abuse Torres suffered at the hands of his biological mother and stepfather. *See* N.T. Sentencing Hearing, 4/18/22, at 19-25. Additionally, the trial court expressly stated that it considered that Torres was born to two teenage parents, who later separated and remarried, his current engagement, the bonds Torres has with his half-siblings on his biological father's side, and his employment history. *Id.* In total, the trial court considered a detailed summary of Torres' life from birth to present, including his struggles and his achievements. *Id.*

Therefore, our review confirms that the trial court considered all of the relevant sentencing factors, and appropriately set forth its reasons for imposing an aggregate 19 to 40 year period of incarceration. *See Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009) (appellate court cannot reweigh sentencing factors in place of trial court merely because trial court did not weigh factors as defendant would have liked). Moreover, as indicated above, the trial court had the benefit of a PSI and imposed only standard-range sentences. *See Ventura*, *supra*. The trial court's consecutive imposition of two of those sentences is of no moment. *See Radecki*, *supra*. Therefore, we conclude that the trial court did not abuse its discretion in imposing Torres' sentence, and that Torres' challenge to the discretionary aspects of his sentence is without merit. *See Robinson*, *supra*.

Judgment of sentence affirmed.

Stevens, P.J.E., joins this Opinion.

Bowes, J., files a Concurring Opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2023