J. S64038/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
    :    PENNSYLVANIA
    :
    v.    :
    :
DAVID L. KINNEY,    :
    :
    Appellant    :    No. 406 MDA 2015

Appeal from the Judgment of Sentence September 9, 2013
In the Court of Common Pleas of Clinton County
Criminal Division No(s).: CP-18-CR-0000043-2013

BEFORE: FORD ELLIOTT, P.J.E., WECHT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:    **FILED NOVEMBER 09, 2015**

Appellant, David L. Kinney, appeals *nunc pro tunc* from the judgment of sentence entered in Clinton County Court of Common Pleas after he pleaded guilty to two counts of aggravated assault,[1] and one count each of terroristic threats[2] and simple assault.[3] Appellant challenges the discretionary aspects of the aggregate sentence of seventy-one to two hundred twenty-eight months' imprisonment. We affirm.

On December 18, 2012, Appellant was charged with numerous crimes for four incidents of domestic violence, which occurred between September

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a)(1), (a)(4).

[2] 18 Pa.C.S. § 2706(a)(1).

[3] 18 Pa.C.S. § 2701(a)(1).

and December of 2012. The incidents were described in the affidavit of probable cause, which we reproduce below:

[Incident #]1. [Appellant] SHOVED [Complainant] INTO A CHAIR AND PUT A BIG KITCHEN KNIFE UP TO HER THROAT AND TOLD HER THAT SHE WAS A WHORE AND THAT HE WANTED TO KILL HER DUE TO AN ARGUMENT THAT OCCURED WEEKS EARLIER.

[Incident #]2. A FEW WEEKS AFTER THE FIRST INCIDENT [Appellant] PUT A KNIFE TO [Complainant's] THROAT AND KNOCKED HER AROUND SHOVING HER OFF CHAIRS. [Appellant] KICKED AND HIT [Complainant] IN THE HEAD. [Appellant] PUT A CIGARETTE OUT ON [Complainant's] LEFT SHOULDER AND SPIT ON HER FACE. [Appellant] PUNCHED [Complainant] IN THE RIBS AND THE BACK OF THE ARMS. [Appellant] "RIPPED" [Complainant] AROUND THE LIVING ROOM BY HER HAIR AND TOLD HER THAT HE WAS GOING TO BURY HER. [Complainant] BEGGED [Appellant] TO STOP. [Appellant] RESPONDED TELLING [Complainant] THAT IF SHE CALLS THE POLICE HE WILL MAKE HER SUFFER. THAT HER KIDS, PARENTS, NIECES NEPHEWS AND BROTHERS WOULD ALL DIE AND THAT HE WOULD LEAVE HER ALIVE TO SUFFER. [Appellant] STATED THAT HE PERSONALLY WOULD NOT DO IT BUT HE HAS PEOPLE THAT WOULD IF THEY DID NOT HEAR FROM HIM. [Appellant] ALSO HIT [Complainant] IN THE BACK WITH A METAL TOWEL RACK.

[Incident #]3. A FEW WEEKS AFTER THE SECOND ACT [Appellant] AGAIN PULLED A KNIFE ON [Complainant] AND CHOKED HER.

[Incident #]4. ON WEDNESDAY 12-12-12 [Appellant] WAS INTOXICATED AND TOLD [Complainant] IT WAS HER OR HER KIDS BUT SOMEONE WAS GOING TO DIE THAT NIGHT. [Appellant] TRIED TO KEEP [Appellant] CONCENTRATED ON HER. [Appellant] PULLED A KNIFE TO [Complainant's] THROAT AND [Complainant] PUT HER HAND UP TO STOP HIM. THE KNIFE CUT [Complainant's] HANDS CAUSING A DEEP LACERATION TO THE PINKY FINGER OF [her] LEFT HAND. [Complainant] BEGGED [Appellant] TO LET HER STOP THE BLEEDING AND THEY WENT INTO THE BEDROOM. ONCE IN THE BEDROOM

[Appellant] STUCK THE KNIFE IN HER MOUTH AND MOVED IT BACK AND FORTH. [Complainant] TRIED TO MOVE AWAY AND [Appellant] THRATENED TO HURT HER KIDS SO SHE LET HIM PROCEED. [Appellant] BROUGHT THE KNIFE BACK AND HAD [Complainant] SIT IN THE CORNER WHERE HE KICKED HER AND KNEED HER IN THE LEGS AND STOMACH. [Appellant] THEN ATTEMPTED TO PUT A CIGARETTE OUT ON [Complainant's] HEAD AND SPAT ON HER FACE AND FORCED HER TO BURN A PICTURE OF HR AND HER CHILDREN CALLING HER A TERRIBLE MOTHER. [Appellant] THEN CHOKED HER TO THE POINT OF ALMOST PASSING OUT. [Complainant] KICKED [Appellant] TO GET HIM OFF OF HER. [Appellant] PUT THE KNIFE TO [Complainant's] HEART WHO PUSHED HIM AWAY. [Appellant] AGAIN CHOKED [Complainant] AND TOLD HER IT WAS HER OR HER KIDS. [Complainant] PLEADED WITH [Appellant] TO CALM HIM DOWN AND TOLD HIM THAT HE CAN HIT HER JUST TO LEAVE THE KIDS ALONE AND NOT CHOKE HER OR USE THE KNIFE. [Appellant] BEGAN TO CALM DOWN AND FORCED [Complainant] TO HER KNEES AND URINATED IN HER MOUTH AND ON HER FACE. [Appellant] THEN DUMPED A SODA BOTTLE FULL OF URINE ON HER HEAD AND SPAT ON HER.

AT APPROXIMATELY 0100 AM I WENT WITH [Complainant] TO BUCKTAIL MEDICAL CENTER FOR AN EVALUATION. DURING THE EVALUATION I OBSERVED AND PHOTOGRAPHED ALL INJURIES BRADLEY HAS SUSTAINED. THE DOCTOR CONCLUDED THE THE INJURIES DO COINCIDE WITH THE REPORT GIVEN BY [Complainant].

Aff. of Probable Cause, 12/18/12 (capitalization in original).

Appellant negotiated a plea bargain to enter guilty pleas to the following charges:

### COUNT 5: AGGRAVATED ASSAULT—(FELONY 1)

[Appellant committed acts constituting the crime, when he did] during incident #4, hold a knife to the throat of [Complainant], and when trying to stop [Appellant, Complainant] received lacerations to her hands . . . .

\*     \*     \*

- 3 -

### COUNT 10: AGGRAVATED ASSAULT—(FELONY 2)

[Appellant committed acts constituting the crime, when he did] during incident #2, hold a knife to the throat of [Complainant] . . . .

\* \* \*

### COUNT 14: TERRORISTIC THREATS—(MISDEMEANOR 1)

[Appellant committed acts constituting the crime, when he did] during incident #1, hold a knife to the throat of [Complainant] and stated he wanted to kill her . . . .

\* \* \*

### COUNT 25: SIMPLE ASSAULT—(MISDEMEANOR 2)

[Appellant committed acts constituting the crime, when he did] during incident #3 choke [Complainant] with his hands . . . .

Information, 2/15/13, Counts 5, 10, 14 & 25; N.T., 4/22/13, at 5-7.

The Commonwealth agreed to withdraw the remaining forty-five counts, including charges for spitting on Complainant and burning her with a cigarette in Incident #2,[4] and placing a knife in her mouth, urinating on her, and attempting to burn her with a cigarette in Incident #4.[5] The parties agreed to sentencing within the Sentencing Guidelines,[6] but reserved their

---

[4] **See** Information, Count 22 (simple assault).

[5] **See id.**, Count 6 (aggravated assault), Count 19 (indecent assault) & Count 27 (simple assault).

[6] Pursuant to the plea agreement, the "deadly weapon used" enhancement applied to Counts 5 and 14, and the "deadly weapon possessed" enhancement applied to Count 25. The deadly weapon enhancement did not

- 4 -

rights to argue for consecutive or concurrent sentences. N.T., 4/22/13, at 3, 10-12.

At a guilty plea hearing on April 22, 2013, Appellant admitted the facts alleged in "the charging documents." *Id.* at 7. The trial court conducted a colloquy on Counts 5, 10, 14, and 25, apprised Appellant of the possible minimum and maximum sentences under the agreement, and accepted Appellant's pleas. *Id.* at 7-13.

On September 9, 2013, the trial court convened a sentencing hearing. Appellant addressed the court, referred to his "addiction and poor decision-making," expressed remorse, and apologized "to the [c]ourt, the community, the victim, and her family." N.T., 9/9/13, at 9-10. He stated he took "full responsibility for the careless crimes I have committed." *Id.* at 10.

After Appellant's allocution, the trial court stated it reviewed a presentence investigation report, the victim impact statements, and a psychological evaluation obtained by Appellant. *Id.* at 10-11. The court noted Appellant was thirty years old, had two children,[7] had a poor

_____

apply to Count 14, because use of a deadly weapon was an element of the offense charged. The Commonwealth apprised Appellant that the Sentencing Guideline's minimum sentence ranges were (1) 40 to 54 months for Count 5, (2) 9 to 16 months for Count 10, (3) 6 to 7 months for Count 14, and (4) 3 to 4 months for Count 25. N.T., 4/22/13, at 2-3. Appellant was also informed that the maximum sentences were 20 years for Count 5, 10 years for Count 10, 5 years for Count 14, and 2 years for Count 25. *Id.* at 5-6.

[7] It is unclear whether Complainant was the mother of Appellant's children.

employment record, and had a prior record for simple assault and a protection from abuse violation in another county. The court prefaced its sentence by stating, "The incident that we're here for today . . . involved [Appellant] violently assault [Complainant] over a course of time, cutting [Complainant], putting a knife in the mouth of [Complainant], urinating on [Complainant], [and] putting cigarettes out on the [Complainant's] body." *Id.* at 11-12. The court found Appellant "needs to be incarcerated[, and a]ny lesser sentence would depreciate the seriousness of the offense." *Id.* at 12. It imposed the following sentences of imprisonment in accordance with the plea agreement: (1) 50 to 120 months for Count 5; (2) 12 to 60 months for Count 10; (3) 6 to 24 months for Count 14; and (4) 3 to 24 months for Count 25. The court ordered the sentences to run consecutively, resulting in an aggregate term of imprisonment of 71 to 228 months, or 5 years and 11 months to 19 years.

Appellant timely filed a post-sentence motion seeking reconsideration in light of his history of mental health illness and substance abuse, his acceptance responsibility for his actions, and his expressions of remorse. Appellant's Mot. to Recons. Sentence, 9/19/13, at ¶¶ 5-6, 8. He referred to his own history of being sexually and physically victimized as a child and acknowledged his need for treatment. *Id.* at ¶¶ 7, 8. Appellant stated the sentence exceeded the probation office's presentence recommendation,

which the Commonwealth adopted at the sentencing hearing.[8]  ***Id.*** at ¶ 10.

He argued the trial court "ignored [his] response to treatment and potential

for rehabilitation going forward[,]" and a sentence with "less incarceration

and lengthier supervision . . . would have been more appropriate in light of

the crimes committed, would have sufficiently protected society and better

facilitated his rehabilitative needs and reintegration into the community."

***Id.*** at ¶ 11.   The court, on October 30, 2013, denied Appellant's post-

sentence motion.  No direct appeal was filed.

Appellant, on July 2, 2014, timely filed a *pro se* Post Conviction Relief

Act (PCRA) petition.   ***See*** 42 Pa.C.S. §§ 9541-9546.   The PCRA court

appointed counsel, who filed an amended petition seeking, *inter alia*,

reinstatement of Appellant's direct appeal rights.   The PCRA court on

February 5, 2014, reinstated Appellant's direct appeal rights and appointed

counsel.   Appellant timely filed a notice of appeal *nunc pro tunc* and

complied with the trial court's order to submit a Pa.R.A.P. 1925(b)

statement.

Appellant presents the following question for our review:

> Whether the [trial] Court abused its discretion in
> sentencing [Appellant] to a cumulative sentence of seventy
> -one (71) months to two hundred twenty–eight (228)

---

[8]  Although the Commonwealth agreed with the "well thought out" recommendation in the presentence report, N.T., 9/9/13, at 6, the record does not contain the presentence investigation report or otherwise indicate the specific recommendation set forth by the investigator.  Neither Appellant nor the Commonwealth refer to the specifics of the recommendation in their briefs.

months, where the Court a) relied on facts contained in Counts for which [Appellant] did not plead guilty and where there was no finding that he committed those acts, b) failed to properly consider[ ] that [Appellant] suffered from a mental health disorder which went largely untreated and for which he responded positively to psychotropic medication greatly enhancing his potential for rehabilitation, c) failed to adequately consider that [Appellant] accepted responsibility for his acts and expressed significant remorse, and d) exceeded the sentencing recommendations of the Clinton County Adult Probation office and the District Attorney?

Appellant's Brief at 5.

Preliminary, we note that the imposition of a specific sentence pursuant to a plea bargain will not be reviewed on appeal. *See Commonwealth v. Dalberto*, 648 A.2d 16, 18, 20-21 (Pa. Super. 1994). Instantly, the trial court retained discretion to affix the minimum[9] and maximum terms of each sentence and to order the individual sentences to run consecutively or concurrently. Therefore, Appellant may challenge the sentence notwithstanding the sentencing terms of his plea agreement. *See id.*

However,

> [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. Prior to reaching the merits of a discretionary sentencing issue:

---

[9] Arguably, the agreement to limit the trial court's discretion to minimum sentences within the Sentencing Guidelines could preclude further challenge. Nevertheless, because the court retained discretion to run the sentences consecutively, Appellant may still challenge the aggregate minimum sentence imposed.

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 1410 [now Rule 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

> "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing."

***Commonwealth v. Evans***, 901 A.2d 528, 533-34 (Pa. Super. 2006) (some citations omitted).

Appellant filed a post-sentence motion, a timely notice of appeal *nunc pro tunc*, and a Pa.R.A.P. 2119(f) statement as part of his brief. However, the record reveals that he did not object to the trial court's reliance on charges to which he did not plead guilty at sentencing. ***See*** N.T., 9/9/13, at 16-17. Moreover, he did not preserve this claim in his post-sentence motion. ***See*** Appellant's Mot. to Recons. Sentence, 9/19/13. Therefore, this claim is waived. ***See Evans***, 901 A.2d at 533-34; ***cf.*** Pa.R.Crim.P. 720(B)(1)(a).

As to Appellant's remaining challenges, we reiterate, "Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those

considerations along with mitigating statutory factors.'" ***Commonwealth v. Griffin***, 65 A.3d 932, 937 (Pa. Super.) (citations omitted), *appeal denied*, 76 A.3d 538 (Pa. 2013). Reference to the presentence report satisfies the requirement that the trial court state its reason for a sentence on the record. ***Commonwealth v. Boyer***, 856 A.2d 149, 154 (Pa. Super. 2004). Further, a defendant is generally not entitled to a "'volume discount'" for separate acts committed during a "continuous spree." ***Commonwealth v. Gonzalez-Dejusus***, 994 A.2d 595, 599 (Pa. Super. 2010) (citation omitted). The imposition of consecutive sentences "will present a substantial question in only 'the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.'" ***Commonwealth v. Caldwell***, 117 A.3d 763, 768-69 (Pa. Super. 2014) (*en banc*) (citation omitted).

Instantly, the individual minimum sentences fell within the agreed-to Sentencing Guideline ranges. The individual maximum sentences were one-half or less than the statutory limit, except for the second-degree misdemeanor in Count 25, for which the trial court imposed a statutory maximum sentence. On its face, the aggregate minimum sentence of five years and eleven months to nineteen years' imprisonment was not unduly harsh in light of the criminal conduct specifically admitted to by Appellant. The aggregate maximum sentence of nineteen years fell within the statutory maximum for Count 5 alone and was just over half Appellant's possible sentencing exposure.

We acknowledge that Appellant argues that a lesser term of incarceration in conjunction with less restrictive forms of supervision, could better reflect his rehabilitative needs without endangering Complainant or the public. However, our review of Appellant's sentencing claims is limited to a "clearly unreasonable" standard, and a claim that a lesser sentence is preferable or better tailored to the defendant is not a basis for affording appellate relief. *See* 42 Pa.C.S. § 9781(c)(1); *cf. Commonwealth v. Walls*, 926 A.2d 957, 961, 963-64 (Pa. 2007).

In light of the foregoing, we conclude the sentencing claims preserved by Appellant for review—*i.e.*, that the trial court ignored mitigating factors or failed to set forth a sufficient explanation of its sentence—do not raise substantial questions. Therefore, we have no basis to disturb the sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2015