J-S01038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RONALD ALAN MURRAY | : | |
| | : | |
| Appellant | : | No. 770 MDA 2017 |

Appeal from the Judgment of Sentence April 6, 2016
In the Court of Common Pleas of Franklin County
Criminal Division at No(s):  CP-28-CR-0001294-2015

BEFORE:  GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:               **FILED MARCH 09, 2018**

Appellant, Ronald Alan Murray, appeals *nunc pro tunc* from the judgment of sentence entered in the Franklin County Court of Common Pleas, following his open plea of *nolo contendere* to driving under the influence ("DUI") and recklessly endangering another person ("REAP").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On February 15, 2016, Appellant entered an open plea of *nolo contendere* to DUI and REAP.  Appellant's convictions stem from an incident on March 20, 2015, in which Appellant drove while intoxicated with two passengers in his car.  Appellant crashed the car and one of his passengers sustained six rib

---

[1] 75 Pa.C.S.A. § 3802(d)(1)(ii); 18 Pa.C.S.A. § 2705, respectively.

fractures as a result of the accident. The court sentenced Appellant on April 6, 2016, to twelve (12) to sixty (60) months' imprisonment for DUI, and a consecutive six (6) to twenty-four (24) months' imprisonment for REAP. Appellant did not file post-sentence motions or a direct appeal.

On October 20, 2016, Appellant timely filed a *pro se* petition under the Post Conviction Relief Act ("PCRA").[2] The court appointed counsel, who filed an amended PCRA petition on December 19, 2016. In the amended petition, Appellant alleged, *inter alia*, he contacted plea counsel multiple times about filing a direct appeal but counsel failed to respond to Appellant's requests. Appellant said his wife even contacted counsel about filing an appeal but counsel ignored her too. Appellant claimed he thought the court was going to impose concurrent terms of imprisonment based on Appellant's discussions with plea counsel prior to the sentencing hearing. Appellant insisted he wanted to raise a sentencing challenge on direct appeal. Appellant sought relief in the form of resentencing, withdrawal of his plea, or reinstatement of his appellate rights *nunc pro tunc*.

On April 6, 2017, the parties appeared for a PCRA hearing, at which time PCRA counsel informed the court that the parties agreed to reinstatement of Appellant's direct appeal rights *nunc pro tunc* based on plea counsel's acknowledgement that Appellant wanted to file a direct appeal and

_____

[2] 42 Pa.C.S.A. §§ 9541-9546.

- 2 -

counsel neglected to do so. Consequently, the court entered an order restoring Appellant's direct appeal rights *nunc pro tunc* by stipulation of the parties. PCRA counsel did not expressly ask the court to reinstate Appellant's post-sentence motion rights *nunc pro tunc*, and the court did not do so. On Monday, May 8, 2017, Appellant timely filed a notice of appeal *nunc pro tunc*. That same day, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely filed his Rule 1925(b) statement on May 26, 2017.

Appellant raises one issue for our review:

> WHETHER THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES WAS AN ABUSE OF DISCRETION AS THE IMPOSITION OF CONSECUTIVE SENTENCES WAS EXCESSIVE BASED ON THE CRIMINAL CONDUCT AT ISSUE FOR DRIVING UNDER THE INFLUENCE AND RECKLESSLY ENDANGERING ANOTHER PERSON ARISING FROM THE SAME CRIMINAL ACT?

(Appellant's Brief at 3).[3]

Appellant argues the court's imposition of consecutive sentences was manifestly excessive. Appellant asserts the court essentially sentenced him twice for the same criminal act because his DUI and REAP convictions arose from the same criminal conduct, namely, his driving while intoxicated. Appellant insists the nature of his crimes are so intertwined that imposition

---

[3] In his statement of questions presented, Appellant raised an additional issue. Nevertheless, Appellant withdrew that claim in his argument section, so we give it no further attention.

of consecutive sentences was unduly harsh. Appellant claims he asked the court to impose concurrent sentences at the sentencing hearing and set forth argument in support of that position. Appellant concludes the court abused its discretion by imposing consecutive sentences, and this Court must vacate and remand for resentencing. As presented, Appellant's issue challenges the discretionary aspects of his sentence. *See Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595 (Pa.Super. 2010) (explaining challenge to imposition of consecutive sentences implicates discretionary aspects of sentencing). Generally, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a timely filed post-sentence motion. *Commonwealth v. Griffin*, 65 A.3d 932 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013). *See also* Pa.R.Crim.P. 720(A)(1) (stating post-sentence motion shall be filed no later than 10 days after imposition of sentence).

Where the court reinstates direct appeal rights *nunc pro tunc* based on counsel's ineffectiveness, the defendant is not automatically entitled to reinstatement of his post-sentence rights *nunc pro tunc* as well. *Commonwealth v. Liston*, 602 Pa. 10, 977 A.2d 1089 (2009). Nevertheless, a PCRA court can reinstate a defendant's post-sentence rights *nunc pro tunc* if the defendant successfully pleads and proves he was deprived of the right to file and litigate post-sentence motions as a result of ineffective assistance of counsel. *Id.* at 19 n.9, 977 A.2d at 1094 n.9

(noting counsel may be deemed ineffective for failing to file post-sentence motions when claim requires preservation in trial court for purposes of appellate review). *Compare Commonwealth v. Fransen*, 986 A.2d 154 (Pa.Super. 2009) (holding PCRA petitioner who obtains reinstatement of direct appeal rights *nunc pro tunc* is not entitled to reinstatement of post-sentence rights *nunc pro tunc* if he did not request that relief with PCRA court; appellant's claim that he was entitled to file post-sentence motions and to have benefit of evidentiary hearing warranted no relief where appellant did not plead or prove in PCRA petition that he was deprived of right to file post-sentence motions).

Instantly, Appellant entered an open plea of *nolo contendere* on February 15, 2016, to DUI and REAP. Appellant proceeded to sentencing on April 6, 2016, at which time plea counsel argued for imposition of concurrent sentences. The court declined Appellant's request and imposed consecutive sentences for Appellant's crimes. Appellant did not file post-sentence motions or a direct appeal. Appellant subsequently filed a PCRA petition and amended PCRA petition, alleging plea counsel's ineffectiveness for failing to file a direct appeal on Appellant's behalf. Appellant claimed he thought the court was going to impose concurrent terms of imprisonment, based on Appellant's discussions with plea counsel, so he wanted to raise a sentencing challenge on direct appeal. On April 6, 2017, the parties appeared for a PCRA hearing, at which time PCRA counsel informed the court that the

parties agreed to reinstatement of Appellant's direct appeal rights *nunc pro tunc*. Consequently, the court entered an order restoring only Appellant's direct appeal rights *nunc pro tunc*, by stipulation of the parties.

Consistent with **Liston** and **Fransen**, Appellant needed to plead in his PCRA petition that plea counsel deprived him of the opportunity to litigate a post-sentence motion. **See Liston, supra**; **Fransen, supra**. Nevertheless, Appellant did not expressly raise in his PCRA petition or amended PCRA petition counsel's ineffectiveness for failing to file post-sentence motions on Appellant's behalf. Likewise, Appellant did not expressly ask the court to restore his post-sentence motion rights *nunc pro tunc*. The failure to file a post-sentence motion challenging the discretionary aspects of sentencing arguably waived his issue on appeal. **See Griffin, supra**.

On the other hand, Appellant's PCRA petition made clear he wanted to raise a sentencing challenge on appeal, so restoration of Appellant's direct appeal rights *nunc pro tunc* without restoration of Appellant's post-sentence motion rights *nunc pro tunc*, was essentially an empty gesture. In light of Appellant's stated intent to raise a sentencing claim on appeal, the PCRA court could have restored Appellant's post-sentencing rights as well. **See Commonwealth v. Rivera**, 154 A.3d 370 (Pa.Super. 2017) (*en banc*), *appeal denied*, ___ Pa. ___, 169 A.3d 1072 (2017) (affirming PCRA court's reinstatement of appellant's post-sentence motion and direct appeal rights *nunc pro tunc* based on counsel's ineffectiveness for failing to consult with

appellant about whether he wanted to file direct appeal; PCRA court properly restored Appellant's post-sentencing rights *nunc pro tunc* because one issue appellant wanted to raise regarding withdrawal of his guilty plea required preservation in trial court). Further, the court's Rule 1925(a) opinion addresses Appellant's discretionary aspects of sentencing claim on the merits. Thus, the court has already examined the issue Appellant would have raised in a post-sentence motion *nunc pro tunc*. Therefore, in the interest of judicial economy, we will review Appellant's sentencing issue.

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). This Court must evaluate what constitutes a substantial question on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825 (Pa.Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa.Super. 2000).

A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the

sentence is within the statutory limits. *Mouzon, supra* at 430, 812 A.2d at 624. Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. *Id.* at 435, 812 A.2d at 627. Rather, a substantial question exists "only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process…." *Id. See Gonzalez-Dejusus, supra* at 598-99 (explaining as general rule that court's exercise of discretion in imposing consecutive versus concurrent sentences does not present substantial question; noting that imposition of consecutive sentences raises substantial question in only rare and most extreme cases; thus, key to resolving preliminary substantial question inquiry is whether decision to sentence consecutively raises aggregate sentence to, what appears on its face to be, excessive level in light of criminal conduct at issue).

Here, the court sentenced Appellant to 12 to 60 months' imprisonment for DUI and a consecutive term of 6 to 24 months' imprisonment for REAP. Appellant's convictions stemmed from an incident where Appellant drove while intoxicated and crashed his vehicle, causing one of his passengers to sustain multiple rib fractures as a result of the accident. Based on Appellant's prior record score of five, the standard range for Appellant's DUI offense was 12 to 18 months' imprisonment, and 6 to 12 months'

imprisonment for REAP. Thus, the court imposed consecutive low-end standard range sentences. Appellant's challenge to the imposition of consecutive sentences under these facts does not necessarily raise a substantial question. *See id. Compare Commonwealth v. Dodge*, 859 A.2d 771 (Pa.Super. 2004), *vacated and remanded on other grounds*, 594 Pa. 345, 935 A.2d 1290 (2007) (holding appellant's claim of excessiveness raised substantial question where court imposed consecutive standard range sentences for 37 counts of non-violent theft-related offenses for aggregate sentence of 58½ to 124 years' imprisonment).

Moreover, the court explained its sentencing rationale on the record as follows:

> Sir, I have reviewed this pre-sentence report prepared by our probation department, and I've heard what [the Commonwealth] has said, your attorney has said on your behalf, what you have said and have considered the letters that have been written as well. The letter from [your injured passenger] is one of support for you. From reading the affidavit of probable cause relating to the crime it appears that his son was also a passenger in the car at the time and also from reading his account of what happened that young man said that you refused to let his father drive. The fear that must have been in that little boy when you were having difficulty driving and you would not let someone else drive sticks with me.
>
> The two charges for which you'll be sentenced are DUI due to the controlled substance being in your system as well as alcohol to the point of a .09 blood alcohol content. The gravity score is a five. Because of your prior record that spans from 1998 through 2014 you have a score of five making the standard range 12 to 18 [months].
>
> Additionally you're here to be sentenced for reckless[ly]

endangering another person which carries a gravity score of three and with your prior record score of five the standard rage is 6 to 12 [months]. These two offenses really are separate and distinct. You were driving a vehicle with those medications in your system and alcohol, and you'll be sentenced for that and separately be sentenced for the reckless endangering due to the fact that there was not…just one person injured, there were two [who] were put at jeopardy because of your conduct in operating that motor vehicle….

(N.T. Sentencing, 4/6/16, at 8-9). The record supports the court's imposition of consecutive sentences. Thus, even if Appellant had properly preserved his sentencing claim in a post-sentence motion *nunc pro tunc*, Appellant would not be entitled to relief. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/09/2018