J-S09028-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CLIFFORD WAYNE SCHALL | : | |
| | : | |
| Appellant | : | No. 1068 WDA 2018 |

Appeal from the Judgment of Sentence Entered May 8, 2018
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000685-2017

BEFORE: PANELLA, P.J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.: FILED MARCH 04, 2019

Clifford Wayne Schall appeals from the judgment of sentence, entered in the Court of Common Pleas of Venango County, after he entered a negotiated guilty plea to one count each of sexual abuse of children—photographing, videotaping, depicting on computer or filming sexual acts,[1] and corruption of minors.[2] Upon careful review, we affirm.

The instant charges arose from Facebook communications between Schall and the victim, a 13-year-old girl. During the course of their online interaction, Schall requested, and the victim sent, nude images of herself, and the two made plans to meet in order to have sex. Schall, who was aware that the girl was just 13, also sent pictures of his genitals to the victim.

_____

[1] 18 Pa.C.S.A. § 6312(b)(1).

[2] 18 Pa.C.S.A. § 6301(a)(1)(i).

_____

* Retired Senior Judge assigned to the Superior Court.

On February 20, 2018, Schall entered a negotiated guilty plea to the above charges, pursuant to which the Commonwealth agreed to nolle pros numerous other charges and agreed to a standard-range sentence. On May 8, 2018, the trial court sentenced Schall to a term of 16 to 120 months' incarceration for sexual abuse of children, to run concurrently to a term of 3 to 60 months' incarceration for corruption of minors. Those sentences were imposed consecutively to another unrelated sentence imposed upon Schall previously in Forest County.

Schall filed post-sentence motions, requesting reconsideration of his sentence and admission into evidence of a psychological evaluation, presented to the Commonwealth and the trial court at sentencing, which placed Schall in the "extremely low range of intellectual functioning."[3] Brief of Appellant, at 5. On June 19, 2018, the trial court denied reconsideration of Schall's sentence but, by order dated June 21, 2018, granted admission of the psychological report. Schall filed a timely notice of appeal on July 18, 2018, followed by a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Schall raises the following claims for our review:

1. Whether the sentenc[ing] court erred or abused its discretion in imposing a sentence without giving consideration to all the relevant factors under 42 Pa.C.S. [s]ection 9721(b), including . . . Schall's character, gravity of the offense, his rehabilitative

_____

[3] The court was in possession of the psychological evaluation at the time of sentencing, but counsel did not seek its admission into evidence.

needs, and, specifically, his substantial intellectual disabilities, which include a full-scale IQ of 69?

2. Whether the sentenc[ing] court erred and/or abused its discretion in structuring a sentence that was manifestly and unreasonably excessive in nature in that it imposed a top-end standard[-]range minimum to a statutory maximum sentence to run consecutive[ly] to his ARD revocation sentence out of Forest County under circumstances which called for mitigation in view of Schall's intellectual disabilities?

Brief of Appellant, at 4.

Schall's appellate claims implicate the discretionary aspects of his sentence. Such a challenge is not appealable as of right. Rather, an appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. Commonwealth v. Colon, 102 A.3d 1033, 1042 (Pa. Super. 2014).

> Before we reach the merits of this issue, we must engage in a four[-]part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

Id. at 1042-43, quoting Commonwealth v. Austin, 66 A.3d 798, 808 (Pa. Super. 2013).

Here, Schall filed a post-sentence motion for reconsideration of his sentence, followed by a timely notice of appeal. In addition, he has included in his brief a concise statement of reasons relied upon for appeal pursuant to Pa.R.A.P. 2119(f). Accordingly, we must now determine whether Schall has raised a substantial question for our review.

- 3 -

In his Rule 2119(f) statement, Schall asserts that "the sentence imposed was unreasonably harsh and manifestly excessive" and that the court did not consider his rehabilitative needs or mitigating circumstances—namely, his low IQ. This Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question. Commonwealth v. Raven, 97 A.3d 1244, 1253 (Pa. Super. 2014), citing Commonwealth v. Perry, 883 A.2d 599, 602 (Pa. Super. 2005). Accordingly, we will consider the merits of Schall's claim.

Our standard of review of the discretionary aspects of a sentence is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Commonwealth v. Shugars, 895 A.2d 1270, 1275 (Pa. Super. 2006).

First, we note that Schall's plea agreement provided that his sentences would be within the standard range of the guidelines. Thus, Schall's sentence is not inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms which underlie the sentencing process. See Commonwealth v. Lamonda, 52 A.3d 365, 372 (Pa. Super. 2012) ("[W]here a sentence is within the standard range of the guidelines,

Pennsylvania law views the sentence as appropriate under the Sentencing Code.").

Second, the court had in its possession at the time of sentencing a pre-sentence investigation (PSI) report. Accordingly, "we presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors." Commonwealth v. Seagraves, 103 A.3d 839, 842 (Pa. Super. 2014).

Moreover, at sentencing, defense counsel emphasized Schall's prior record score of zero, his significant cognitive disabilities, and his lack of prior misconduct in jail. Schall himself apologized to the court and indicated that he was "ready to do [his] time and get on with [his] life." N.T. Sentencing, at 18.

Conversely, counsel for the Commonwealth noted the predatory nature of Schall's behavior in actively pursuing sexual communication and contact with a 13-year-old girl. Counsel noted that Schall was well aware of the child's age, as "they even referenced their respective ages in the messages themselves." Id. at 15. Counsel further noted the exchange of explicit images and concluded by requesting a "low[-]end state sentence." Id. at 16.

The trial court noted that it considered Schall's character and rehabilitative needs in making its sentencing determination. See Trial Court Opinion, 8/16/18, at 4. In addition, the court reviewed and considered not only the PSI, but also the psychological assessment submitted by Schall's counsel prior to sentencing. See id.

In light of the foregoing, we cannot conclude that the trial court failed to consider Schall's intellectual challenges or his rehabilitative needs or imposed an unduly harsh sentence.

To the extent that Schall's excessive-sentence claim rests on the court's imposition of his sentence consecutively to his sentence in Forest County, "[l]ong[-]standing precedent of this Court recognizes that 42 Pa.C.S. [§] 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." Commonwealth v. Gonzalez–Dejusus, 994 A.2d 595, 598 (Pa. Super. 2010) (citation omitted). See also Commonwealth v. Hoag, 665 A.2d 1212, 1214 (Pa. Super. 1995) (explaining that defendant is not entitled to "volume discount" for his or her crimes).

Finally, Schall argues that he should have received a lighter sentence due to the "distance and sense of removal and anonymity the nature of the crime entailed." Brief of Appellant, at 11. However, this argument is utterly unavailing in an age where sexual predators actively exploit the anonymity provided by the internet to find, groom, and ultimately abuse young victims.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/2019