J-S28029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARQUISE CORNELL GILLESPIE | : | |
| | : | |
| Appellant | : | No. 1503 MDA 2019 |

Appeal from the Judgment of Sentence Entered August 1, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0005481-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARQUISE CORNELL GILLESPIE | : | |
| | : | |
| Appellant | : | No. 1614 MDA 2019 |

Appeal from the Judgment of Sentence Entered August 1, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0005473-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARQUISE CORNELL GILLESPIE | : | |
| | : | |
| Appellant | : | No. 1615 MDA 2019 |

Appeal from the Judgment of Sentence Entered August 1, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0005480-2018

BEFORE:  BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 07, 2020**

Appellant, Marquise Cornell Gillespie, appeals from the judgment of sentence entered August 1, 2019, as made final by the denial of his post-sentence motion on August 16, 2019, following his guilty pleas to three counts of possession with intent to deliver[1] and three counts of criminal use of a communication facility.[2]  We affirm.

The facts and procedural history of this case are as follows.  In January 2018, on three separate occasions, Appellant delivered heroin to individuals in Lancaster County, Pennsylvania.  N.T. Guilty Plea Hearing, 5/3/19, at *6 (un-paginated).  In each transaction, Appellant utilized a cellular telephone to facilitate the delivery.  *Id.*  Thereafter, the Commonwealth filed criminal charges against Appellant.

On May 3, 2019, Appellant pled guilty to the aforementioned crimes. The trial court sentenced Appellant on August 1, 2019, following the completion of a pre-sentence investigation ("PSI").  The trial court issued the following sentence:

> [Appellant] was sentenced to eight [months] to two [] years' incarceration for each of his six [] counts.  While the sentences for each of the counts within the three [] dockets were ordered to be served concurrently, the sentences at each docket were ordered to be served consecutively.  The aggregate sentence [was,] therefore, [two] to six [] years of incarceration.

---

[1] 35 Pa.C.S.A. § 780-113(a)(30).

[2] 18 Pa.C.S.A. § 7512(a).

Trial Court Opinion, 11/12/19, at 2.

On August 12, 2019, Appellant filed a post-sentence motion requesting the trial court to reconsider his sentence and "mak[e] the [s]entences on [the three] dockets . . . concurrent with each other" so that his aggregate sentence would be 8 months to 2 years' incarceration. Appellant's Post-Sentence Motion, 8/12/19, at 2. The trial court denied Appellant's motion on August 16, 2019. This timely appeal followed.[3]

Appellant raises the following issue on appeal:

> Whether an aggregate sentence of two to six years['] incarceration in a state correctional facility is manifestly excessive and clearly unreasonable under the circumstances of this case?

Appellant's Brief at 5.

Herein, Appellant challenges the trial court's decision to run his sentences at each docket consecutively, rather than concurrently. Appellant's Brief at 10-12. Specifically, Appellant claims that, by doing so, the trial court imposed an unduly harsh aggregate sentence and failed to consider the "non[-]violent nature of Appellant's violations, his non[-]violent criminal record, and his strong need for drug treatment." *Id.* at 10.

---

[3] Appellant filed separate notices of appeal at each docket on September 13, 2019. *See Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018). On September 16, 2019, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). Appellant timely complied. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on November 12, 2019. This Court consolidated Appellant's appeals on October 29, 2019. Order, 10/29/19; *see also* Pa.R.A.P. 513.

Appellant's issue implicates the discretionary aspects of sentencing.  As this Court previously explained:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right.  An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (internal case citations omitted).

Appellant has fulfilled the first, second, and third requirements of the above-mentioned four-part test.  A challenge to the imposition of consecutive sentences, however, does not usually raise a substantial question.  Indeed, this Court previously explained:

> Under 42 Pa.C.S.A. § 9721, the court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question. *Commonwealth v. Pass*, 914 A.2d 442, 446–447 (Pa. Super. 2006).   The imposition of consecutive, rather than concurrent sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.  *Id.* (holding challenge to court's imposition of sentence of six [] to [23] months['] imprisonment and sentence of one [] year probation running consecutive, did not present substantial question). *Compare* [*Commonwealth v. Dodge*, 957 A.2d 1198 (Pa. Super. 2008), *appeal denied*, 980

- 4 -

A.2d 605 (Pa. 2009)] (holding imposition of consecutive sentences totaling 58 ½ to 124 years['] imprisonment for [37] counts of theft-related offenses presented a substantial question because total sentence was essentially life sentence for [a 42-year-old] defendant who committed non-violent offenses with limited financial impact).

*Commonwealth v. Moury*, 992 A.2d 162, 169 (Pa. Super. 2010)

Following our decision in *Dodge*, we have made clear that a challenge to the consecutive nature of standard sentences does not always raise a substantial question. *See Commonwealth v. Gonzalez–Dejesus*, 994 A.2d 595, 598 (Pa. Super. 2010) (imposition of consecutive as opposed to concurrent sentences does not ordinarily raise a substantial question that justifies allowance of appeal). Instead, we examine such claims on a case-by-case basis. *Id*. This Court has determined that "the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears on its face to be, an excessive level in light of the criminal conduct at issue in the case." *Id*. at 598–599. Based upon our review, Appellant's sentence is not facially excessive in light of his criminal conduct.

Our conclusion is based primarily on the trial court's imposition of standard-range sentences following its review of a PSI report. "[W]here the sentencing court imposed a standard-range sentence with the benefit of a [PSI] report, we will not consider the sentence excessive." *Commonwealth v. Corley*, 31 A.3d 293, 298 (Pa. Super. 2011) (citation omitted). "In those circumstances, we can assume the sentencing court was aware of relevant

information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Id.*** (citation and internal quotation omitted). In this case, the trial court had the benefit of a PSI report before fashioning standard range, consecutive sentences.

Accordingly, based upon all of the foregoing, Appellant has failed to raise a substantial question and, thus, his petition for review of the discretionary aspects of his sentence must be denied.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/07/2020