J-S04003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JOSEPH A. PARKHURST | : | |
| Appellant | : | No. 924 MDA 2020 |

Appeal from the Judgment of Sentence Entered September 13, 2017
In the Court of Common Pleas of Wyoming County Criminal Division at
No(s): CP-66-CR-0000172-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JOSEPH A. PARKHURST | : | |
| Appellant | : | No. 925 MDA 2020 |

Appeal from the Judgment of Sentence Entered September 13, 2017
In the Court of Common Pleas of Wyoming County Criminal Division at
No(s): CP-66-CR-0000173-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JOSEPH ALAN PARKHURST | : | |
| Appellant | : | No. 926 MDA 2020 |

Appeal from the Judgment of Sentence Entered September 13, 2017
In the Court of Common Pleas of Wyoming County Criminal Division at
No(s): CP-66-CR-0000190-2017

BEFORE:  OLSON, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FEBRUARY 24, 2021**

Appellant, Joseph Alan Parkhurst, appeals from the judgment of sentence entered on September 13, 2017, as made final by the denial of his reinstated post-sentence motion on June 16, 2020. We affirm.

On July 7, 2017, Appellant entered guilty pleas at each of three trial court dockets. Specifically, he pleaded guilty to robbery,[1] graded as a felony of the first degree, at docket number CP-66-CR-0000172-2017 ("172-2017"), criminal attempt to commit robbery,[2] graded as a felony of the first degree, at docket number CP-66-CR-0000173-2017 ("173-2017"), and theft by unlawful taking,[3] graded as a felony of the third degree, at docket number CP-66-CR-0000190-2017 ("190-2017"). At the plea hearing, the Commonwealth made the following offer of proof:

> [At docket number 172-2017, the evidence would show that, on April 27, 2017], in Wyoming County, Pennsylvania, [Appellant], during the course of committing a theft at Bowman's Creek Service Center, he had intention to place the store clerk in fear of immediate serious bodily injury by brandishing a knife and demanding money from the store clerk and received approximately $400.000 in US currency. The next case, [173-2017, the evidence would show that, on April 28, 2017], in Wyoming County, Pennsylvania, [Appellant], with the intent to commit the crime of [r]obbery, did enter the Dollar General Store with his face concealed, brandished a knife, and demanded money from the store clerk, which constituted a substantial step towards the commission of said crime, that being [r]obbery. And then the

---

1. 18 Pa.C.S.A. § 3701(a)(1)(ii).

2. 18 Pa.C.S.A. § 901(a).

3. 18 Pa.C.S.A. §3921(a).

third case, [190-2017, the evidence would show that, on April 29, 2017], in Wyoming County, Pennsylvania, [Appellant] did unlawfully take or exercise unlawful control over a 1997 Toyota 4Runner belonging to Robert Ruppert with the intent to deprive the owner thereof.

N.T. Plea Hearing, 7/7/17, at 14-15.

Thereafter, on September 13, 2017, the trial court sentenced Appellant as follows: 36 to 72 months' incarceration at docket number 172-2017, 24 to 48 months' incarceration at docket number 173-2017, and 12 to 24 months' incarceration at docket number 190-2017. N.T. Sentencing Hearing, 9/13/2017, at 9-11. The court directed that Appellant serve each sentence on a consecutive basis; hence, Appellant's aggregate sentence totaled 72 months to 144 months' imprisonment. *Id.* The trial court further ordered Appellant to pay restitution and obtain a drug and alcohol evaluation with follow through for any recommended treatment. *Id.* at 9-11. After the trial court reinstated Appellant's post-sentence rights, Appellant filed a post-sentence motion for reconsideration of sentence, which the trial court denied. *See* Order of Court, 6/16/2020. This appeal followed.[4]

Appellant raises the following issue on appeal:

_____

4. Appellant timely filed separate notices of appeal at each trial court docket to which his judgment of sentence pertained. *See Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018). This Court then consolidated Appellant's separate appeals. On July 14, 2020, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). Appellant timely complied. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on September 1, 2020.

Did the trial court abuse its discretion or err as a matter of law when it failed to consider [Appellant's] background, was improperly guided solely by the egregiousness of the crimes [for] which [Appellant] was convicted, and, singularly and in the aggregate, imposed a manifestly excessive sentence by running each sentence consecutive?

Appellant's Brief at 4.

Appellant takes issue with the trial court's decision to impose his sentences consecutively, as opposed to concurrently, and argues that the trial court sentenced Appellant "at the highest end of the standard range of the guidelines" by "focusing solely on what [the trial court] perceived to be the seriousness of the offenses negating any mitigating information." Appellant's Brief at 21. Appellant's issue therefore implicates the discretionary aspects of sentencing.

When an appellant challenges the discretionary aspects of a sentence, the right to appeal is not absolute. **Commonwealth v. Dunphy**, 20 A.3d 1215, 1220 (Pa. Super. 2011). Instead, the appellant must petition this Court for review. **See** 42 Pa.C.S.A. § 9781(b). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (internal case citations omitted). An appellate court will not review the merits of an appeal unless the appellant meets all four criteria. *Commonwealth v. Luketic*, 162 A.3d 1149, 1159-1160 (Pa. Super. 2017) ("Only if the appeal satisfies these requirements may we proceed to decide the substantive merits of Appellant's claim.").

Appellant filed timely notices of appeal, properly preserved his claims, and filed an appropriate 2119(f) statement in his brief. Thus, we turn to whether he raised a substantial question. A substantial question is raised by demonstrating that the trial court's actions were inconsistent with the Sentencing Code or contrary to a fundamental norm underlying the sentencing process. *Commonwealth v. Bonner*, 135 A.3d 592, 603 (Pa. Super. 2016). This issue is evaluated on a case-by-case basis. *Id.* This Court will not look beyond the statement of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial question exists. *Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018) (citation omitted).

Appellant argues within his Rule 2119(f) statement that this appeal presents a substantial question because the trial court erred in focusing only on the egregiousness of the crime without consideration of mitigating circumstances, which resulted in a failure to evaluate Appellant's rehabilitative needs. Appellant also claims that the consecutive nature of his separate

sentences produced a manifestly excessive punishment. **See** Appellant's Brief, at 12-13.

Standing separately, claims asserting a failure to consider mitigating factors and claims challenging the imposition of consecutive sentences do not raise a substantial question. ***See, e.g., Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (mitigating factors); ***Commonwealth v. Gonzalez–Dejesus***, 994 A.2d 595, 598 (Pa. Super. 2010) (consecutive sentences). When brought together, however, a "challenge to the imposition of consecutive sentences as unduly excessive, together with a claim that the trial court failed to consider the defendant's rehabilitative needs upon fashioning its sentence, presents a substantial question." ***Bonner***, 135 A.3d, at 603-604, *citing* ***Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*), *appeal denied*, 126 A.3d 1282 (Pa. 2015). As Appellant raises such a combined claim, we shall proceed to the merits of his discretionary sentencing challenge.

As we previously stated:

> Sentencing is a matter vested in the sound discretion of the [trial court], and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the [trial] court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill[ ]will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Blount**, 207 A.3d 925, 934-935 (Pa. Super. 2019) (citation omitted), *appeal denied*, 218 A.3d 1198 (Pa. 2019).

- 6 -

When this Court reviews the discretionary aspects of a sentence, its analysis is governed by Sections 9781(c) and (d) of the Pennsylvania Sentencing Code. Section 9781, in pertinent part, states,

**§ 9781. Appellate review of sentence**

. . .

**(c) Determination on appeal.**--The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

**(d) Review of record.**--In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(c) and (d). Throughout his brief, Appellant concedes that his sentences fall within the standard range of the sentencing guidelines. *E.g.*,

Appellant's Brief at 11, 21. Therefore, we may vacate and remand only if the sentence is clearly unreasonable.

The trial court has the power to impose sentences consecutively or concurrently, in its discretion. *See* 42 Pa.C.S.A. § 9721(a). Moreover, as we have previously stated, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Moury*, 992 A.2d, at 171. Therefore, the trial court's discretion in "imposing a sentence on each offense at the highest end of **the standard range of the guidelines**," Appellant's Brief, at 21 (emphasis added), is not clearly unreasonable. Indeed, Appellant's sentence, both separately and in the aggregate, falls within the standard range of the Sentencing Code. *See* N.T. Sentencing Hearing, 9/13/17, at 10-12. Appellant's challenge to the consecutive nature of his sentence is without merit.

Appellant next argues that the trial court solely relied on the egregiousness of the offenses in imposing its sentence and failed to consider mitigating circumstances, including Appellant's background, his addiction, and "his lack of a criminal record, employment history, and the rehabilitative needs of the [a]ppellant[.]" Appellant's Brief, at 12. The trial court must consider the factors of 42 Pa.C.S.A. § 9721(b) in fashioning its sentence, namely, "the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant[.]" ***Commonwealth***

***v. Shugars***, 895 A.2d 1270, 1274 (Pa. Super. 2006) (citation omitted). We have stated:

> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. Where pre-sentence reports exist, we shall ... presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself.

***Commonwealth v. Antidormi***, 84 A.3d 736, 761 (Pa. Super. 2014).

Appellant contends that the trial court solely focused on the seriousness of the offense in imposing its sentence. Paraphrasing the trial court, Appellant argues, "[a]s the trial court stated at sentencing, the reason for the hefty sentence imposed was based upon the seriousness of the offenses and any lesser sentence would depreciate their seriousness." Appellant's Brief at 18, *citing* N.T. Sentencing Hearing, 9/13/17, at 10-12. Significantly, Appellant's quote omits the trial court's emphasis on Appellant's actions. Specifically, the trial court stated:

> Reasons for sentence, the serious nature of the offense. Any lesser of a sentence would depreciate **the serious nature of the [Appellant's] actions** and the sentence is within the standard range guidelines.
>
> . . .
>
> Total aggregate sentence, seventy-two months to one hundred and forty-four months in a state correctional facility. Reasons for sentence, the serious nature of the offense, the **totality of the [Appellant's] actions warrant consecutive sentences** and

the sentence is within the standard range guidelines and there is no reason for the [c]ourt to deviate from the same.

N.T. Sentencing Hearing, 9/13/17, at 10-12 (emphasis added). The trial court's emphasis on Appellant's actions demonstrates its consideration of the impact of Appellant's actions on the victims and community as well as Appellant's rehabilitative needs as required by Section 9721(b). Additionally, the trial court ordered a drug and alcohol evaluation from which Appellant was to follow any recommended treatment plan. N.T. Sentencing Hearing, 9/13/17, at 10. This rebuts Appellant's assertion that the trial court did not consider Appellant's addiction and his rehabilitative needs in fixing the challenged sentence.

Furthermore, prior to sentencing, the trial court reviewed a presentence investigation report ("PSI report"). *See* N.T. Sentencing Hearing, 9/13/17, at 6.[5] Appellant's counsel had no additions or corrections for the report. *Id.* Because the trial court had the benefit of a PSI report, we presume it was aware of and considered the relevant information as part of its sentencing determination. *Antidormi*, 84 A.3d at 761. The trial court also had the benefit of comments from Appellant's counsel at sentencing. *See* N.T. Sentencing Hearing, 9/13/17, at 6-7. Based on the foregoing, it is clear that the trial court was aware of and considered mitigating factors when imposing

_____

5. The trial court, in asking defense counsel whether he was in receipt of the PSI report and whether he had any additions or corrections to make, demonstrated its awareness and possession of the PSI report. *See* N.T. Sentencing Hearing, 9/13/17, at 6.

Appellant's sentence.  The trial court adequately evaluated the factors outlined in Section 9721(b).  Therefore, Appellant's contrary argument is meritless. For these reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/24/2021