J-A08013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SYDEAR NGREEN | : | |
| | : | |
| Appellant | : | No. 1345 EDA 2020 |

Appeal from the Judgment of Sentence Entered December 20, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004889-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SYDEAR NGREEN | : | |
| | : | |
| Appellant | : | No. 1346 EDA 2020 |

Appeal from the Judgment of Sentence Entered December 20, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004890-2018

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: MAY 17, 2021**

---

[*] Former Justice specially assigned to the Superior Court.

Appellant, Sydear Ngreen[1], appeals from the judgments of sentence entered on December 20, 2019, as made final by the orders denying his post-sentence motions on July 1, 2020.[2] On appeal, Appellant challenges the discretionary aspects of his sentence. After careful review, we affirm.

In May 2018, Appellant was arrested and charged with two counts each of third-degree murder, attempted murder, and recklessly endangering another person, and numerous firearm and related offenses.

In its opinion, the trial court fully and adequately sets forth the facts that were to be proven, as stated at the guilty plea hearing. **See** Trial Court Opinion, at 1-8. Therefore, we have no need to restate them at length here. We note briefly that these charges stemmed from an incident in which Appellant fired multiple shots into a crowd at a party, leaving two victims dead and two wounded.

_____

[1] We note there is some confusion as to the spelling of Appellant's name. On different documents he is named as "Sydear Green," "Sydear N. Green," and other times "Sydear Ngreen." As appellate counsel referred to Appellant as "Ngreen" in the notice of appeal, we will use that spelling for clarity.

[2] We note that in his notices of appeal, Appellant erroneously states that he is appealing from the judgment of sentence entered on July 1, 2020. However, Appellant's judgments of sentence were entered on December 20, 2019. The orders entered on July 1, 2020 instead denied his post-sentence motions. "[I]n a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n. 2 (Pa. Super. 2001) (_en banc_). Therefore, we have corrected the caption accordingly.

Appellant entered an open guilty plea to the above listed charges, except the related offenses which were nolle prossed. Defense counsel specifically did not ask for a certain length of sentence, noting the ultimate decision was in the court's discretion, instead simply requesting the court take into consideration Appellant's acceptance of responsibility along with the seriousness of the offense. **See** N.T., Sentencing Hearing, 12/20/2019, at 15. The court sentenced him to an aggregate term of fifty-eight to one-hundred-and sixteen-years' imprisonment.

Appellant filed timely post-sentence motions under both dockets, which were denied. This timely appeal followed.[3]

In his sole issue on appeal, Appellant argues the trial court abused its discretion in sentencing him. Appellant concedes this claim challenges the discretionary aspects of his sentence. **See** Appellant's Brief, at 4. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902

---

[3] Appellant filed separate notices of appeal under both dockets pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). We subsequently consolidated the appeals *sua sponte*.

and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Appellant filed a timely notice of appeal, and his brief included a statement of reasons relied upon for allowance of appeal, as is required by Pa.R.A.P. 2119(f). However, although he filed a timely post-sentence motion, we find Appellant did not preserve every issue raised on appeal. Appellant attempts to add a claim in his Rule 2119(f) statement, arguing the sentence is excessive since it was based solely on the seriousness of the offense, without taking into consideration the relevant sentencing factors. After a review of the record, we find Appellant failed to preserve this claim, as he did not raise this issue in his post-sentence motion or during the sentencing hearing.

Further, Appellant complains in the argument section of his brief that his individual sentences for third degree murder were outside the guidelines. ***See*** Appellant's Brief, at 9. Not only is this complaint waived for failure to include it in his Rule 2119(f) statement, it also was not preserved in his post-sentence motion or at the sentencing hearing.

Nevertheless, Appellant preserved his remaining issues through a timely post-sentence motion to modify his sentence. We therefore review the Rule

- 4 -

2119(f) statement to determine if Appellant has raised a substantial question. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id*. (citation and emphasis omitted); *see also* Pa.R.A.P. 2119(f).

Appellant "must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *McAfee*, 849 A.2d at 274 (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365. "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012).

In Appellant's Rule 2119(f) statement, Appellant argues the court failed to place sufficient reasons on the record for imposing numerous consecutive sentences after a guilty plea. Generally, we have stated that a challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question. *See Commonwealth v. Lloyd*, 878 A.2d 867, 873 (Pa. Super. 2005). However, we have recognized that a sentence can be so excessive that it may create a substantial question. *See Commonwealth*

*v. Moury*, 992 A.2d 162, 171-172 (Pa. Super. 2010). In determining whether a substantial question has been raised, our focus is on "whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct in this case." **Commonwealth v. Mastromarino**, 2 A.3d 581, 585-586 (Pa. Super. 2010) (citation omitted).

Appellant pleaded guilty to third degree murder, attempted murder, recklessly endangering another person, and numerous firearm offenses. The trial court imposed an aggregate sentence of fifty-eight to one-hundred- and sixteen-years' imprisonment. Although a fifty-eight year minimum sentence may appear harsh on the surface, it is not manifestly excessive in light of the crimes Appellant committed: A shooting spree that left two victims dead and two others seriously injured. Appellant pled guilty to murdering two people and attempting to murder two others. We cannot conclude the aggregate sentence was excessive when compared to this criminal conduct. As such, Appellant's challenge to the consecutive nature of his sentence does not raise a substantial question. **See Commonwealth v. Gonzalez-Dejusus**, 994 A.2d 595, 599 (Pa. Super. 2010).

Appellant's remaining issue addresses the sentencing court's failure to consider mitigating factors in sentencing. Specifically, he argues that since the trial court stated on the record that it found the demandatorized plea itself to be mitigation, they therefore must have ignored the mitigation presented by

Appellant at the sentencing hearing, including his statement and remorse, support of his family members, the undisputed fact that he was under the influence of alcohol/controlled substances at the time of the offenses, and that he had no prior convictions.

"[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." **Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa. Super. 2013). Therefore, Appellant's argument that the sentencing court failed to adequately consider his remorse and the fact he was under the influence as a mitigating factor does not raise a substantial question. **See Commonwealth v. Downing**, 990 A.2d 788, 794 (Pa. Super. 2010).

Even if we were to find this claim raised a substantial question, we find that Appellant's claim is belied by the record. The court specifically noted on the record its consideration of numerous factors in entering the above sentence:

> Everything in this room is sad; everything. This is particularly heart-breaking, given the age of everyone concerned, the age of the victims, the decedents. My heart goes out to the families, that the bright lights in their lives were cut short by such a senseless act.
>
> The defendant's age, he has altered his life forever by the senseless act. My heart goes out to all of the families because whether it's one senseless act, all these lives in this courtroom have been impacted from one gun.
>
> Children playing with guns. The bravado behind a gun, the lives gone, lost. Two survivors, thankfully, but again, sure the impact

in terms of their body, their psyche in terms of moving forward in their lives. What a waste. What a waste.

Quite frankly, if I had heard what I heard today, I don't know if I would have accepted this guilty plea because certainly all the elements for first degree, which carry a life sentence, are here. The algorithms to what it is here today. The families, have discussed with the families the negotiations here.

We are here with this open guilty plea as to, what, count, the leading counts of murder in the first degree. I'm saying that because I believe the plea, in and of itself, is the mitigation.

The Court has reviewed all of the presentence reports, the psychiatric report, and is struck by the fact that the defendant's own father was the victim of gun violence. Here we are. He was intoxicated, out-of-his-mind intoxicated. But does that justify taking lives?

Purposely leaving the scene. He could have just walked away from whatever or ego situation that may have happened at this party in terms of being rejected or if there was some type of minor altercation. You left. You left, but you left and get a gun. You come back and fire warning shots. Warning shots for what? Warning to do what? Warning what was going to happen? You knew what you were doing. Also, the Court is taking into account the guidelines, taking them into account. In terms of the sentencing, we heard from both sides in terms of their arguments; the witnesses that they presented; the evidence that is presented. …

N.T., Sentencing Hearing, 10/24/2018, at 79-81.

Further, as noted in the court's reasoning above, the trial court reviewed a pre-sentence report. Where the trial court had the benefit of reviewing a pre-sentence report, we must

presume[] that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Additionally, the sentencing court must state its reasons for the sentence on the record. The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the

record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors.

*Commonwealth v. Akhmedov*, 216 A.3d 307, 329 (Pa. Super. 2019), *appeal denied*, 224 A.3d 364 (Pa. 2020) (*en banc*) (citation omitted).

Based on our review of the record, the trial court's findings set forth above, and our standard of review, we conclude the trial court did not abuse its discretion in sentencing Appellant to fifty-eight to one-hundred and sixteen years' imprisonment. The court clearly considered the facts surrounding the offenses, as well as evidence presented as to Appellant's character, acceptance of responsibility, and stated remorse. Based on its consideration of these factors, the court concluded the sentence was reasonable.

As the trial court in this case had the benefit of a pre-sentence report, combined with the trial court's explicit consideration of the witness testimony, the sentencing guidelines, and the seriousness of the offense, we conclude that it considered all relevant sentencing factors. Appellant has failed to establish the court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. As we find Appellant's sole issue on appeal merits no relief, we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>5/17/21</u>